THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* RALPH PAGE, Appellant.

(No. 71-20;

Fifth District—February 2, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

PER CURIAM:

This was a prosecution by indictment for the offense of burglary. The defendant entered a plea of guilty and was sentenced to one year and nine months probation, with the first nine months of the sentence to be imprisonment at the Illinois State Penal Farm at Vandalia.

The sole issue presented in this appeal was whether the defendant was advised of the privilege against compulsory self-incrimination prior to entering his plea of guilty. Defendant cites and relies upon *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. Other than the privilege against self-incrimination the admonition given defendant by the trial court was full and complete.

Two recent opinions of the Illinois Supreme Court have resolved the identical contention made by defendant in this appeal. In *People v. Reeves* (No. 43314, Sept. 1971) (Ill.2d) (N.E.2d), our Supreme Court said: "We find nothing in *Boykin* which compels specific admonitions and waivers with respect to the 'several constitutional rights' to which *McCarthy* refers but does not enumerate." In *People v. Arndt* (Nos.

43995, 43996, Sept. 1971) (Ill.2d) (N.E.2d), our Supreme Court said, "The Supreme Court itself has not interpreted the *Boykin* case in the literal way in which the defendant reads it," and pointed out that *Boykin* requires that the record must affirmatively disclose that the plea was accepted after it was "understandingly and voluntarily" entered.

We find that the record in the present case affirmatively discloses that defendant's plea of guilty was made understandingly and voluntarily, and on the basis of the *Reeves* and *Arndt* cases we affirm the judgment of the trial court.

Judgment affirmed.