**People of the State of Illinois, Plaintiff-Appellee, v. Thomas Drewniak, et al., Defendants-Appellants.**

**Gen. No. 51,853.**

First District, First Division.

January 13, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendants, Thomas Drewniak, Patrick Golick and Robert G. Hobbs, were charged with armed robbery (Ill Rev Stats 1967, c 38, § 18–2) in a two-count indictment. Count I of the indictment charged all three defendants

with forcibly taking $600 from Leo Lesniak while armed with a dangerous weapon. Count II of the indictment charged all three defendants with forcibly taking $3.75 from Mary Kozlik while armed with a dangerous weapon. The defendants waived a jury trial and pleaded not guilty. After a trial the court found all three defendants guilty in the manner and form charged in the indictment. Thomas Drewniak was sentenced to a term of years not less than five nor more than five years and one day. Patrick Golick was sentenced to a term of five to eight years. Robert G. Hobbs was sentenced to a term of twelve to fifteen years.

On appeal, the defendants contend that (1) there was a total lack of proof to support the court's finding on Count II of the indictment; (2) the court improperly considered hearsay testimony in the hearing on aggravation and mitigation; and (3) the minimum sentences given the defendants were excessive and should be reduced.

■ The defendants do not dispute the fact that the record supports the court's finding of guilty of armed robbery as charged in Count I. The defendants maintain, however, that though there was a total lack of proof to support the court's finding on Count II, the effect of the judge's ruling (that all three defendants were guilty in the manner and form charged in the indictment) was to find the defendants guilty of both crimes charged in the indictment.

We briefly summarize the evidence. The three defendants entered a tavern located at 2462 South Blue Island Avenue and announced that "this is a stick up." The defendant, Robert Hobbs, while armed with a gun, took $500 in ten-dollar bills from Lesniak's wallet and then cleaned out the cash register containing Thirty to Thirty-five Dollars in quarters, Five Dollars in half-dollars and a few dollars in one-dollar bills. The two other defendants stood by the door inside the tavern. Mary

Kozlik, the other alleged victim, testified that she was drinking an orange juice and had $3.75 lying on the bar at the time of the robbery. After the robbers had left, Mary Kozlik testified that she went to the bar, picked up her $3.75 and then ran to the alley where she saw three men pulling away in a blue convertible. However, on cross-examination, she testified that after the defendants left the tavern, her money was no longer on the bar. A blue and white Pontiac belonging to Hobbs was found about a half block from the tavern. The three defendants were subsequently arrested and identified as the robbers. When Drewniak was arrested he had eighty quarters in his pocket. Hobbs had Three Hundred Dollars in ten-dollar bills when he was arrested.

■ ■ In a general finding of guilty where crimes grow out of the same robbery as in the instant case, the effect of the decision is that the defendants were found guilty as charged in each count. People v. Schlenger, 13 Ill2d 63, 147 NE2d 316. Thus, though the record is far from clear as to whether the defendants actually took Mrs. Kozlik's $3.75, they were convicted of doing so. Reversing the trial court's decision in Count II will not affect the defendants' sentences since they were properly convicted on Count I. However, since the conviction in the second count of the indictment might operate to the disadvantage of the defendants before the Parole and Pardon Board, People v. Schlenger, 13 Ill2d 63, 147 NE2d 316, the judgment as to Count II is reversed.

The defendants' second contention is that the court improperly considered hearsay evidence at the hearing in aggravation and mitigation.[1] Included in this contention is the defendants' objection to police officers advising the court of various arrests involving the de-

[1] No claim is made that the defendants did not have an opportunity to submit facts in mitigation.

fendants, but upon which there were no findings of guilty; the defendants' objection to the statement made by the prosecutor that Hobbs was the motivating force behind the robbery; and the defendants' objection to the fact that no witnesses were sworn and the defendants' counsel was not permitted an opportunity to cross-examine the witnesses. Under these circumstances, the defendants say that they were not given a proper hearing in aggravation and mitigation and that the sentences imposed should be vacated.

The first objection made by the defendants under their second contention concerns the action of the prosecutor and police officers in advising the court of those arrests of the defendants which did not result in convictions. At the post-trial hearing the police informally stated that according to their records defendant Patrick Golick had been arrested for aggravated assault and criminal damage to property. The police records revealed, however, that there was no disposition of these charges. The court was also informed that the same defendant was charged with contributing to the delinquency of a minor, but that the charge was dismissed for want of prosecution. When the court was considering the sentence to be given Robert Hobbs, the State's Attorney advised the trial judge that the defendant Hobbs had been charged with assault with intent to murder a police officer, but that the case was nolle prossed. The defendants maintain that the purpose of showing these arrests was grossly prejudicial. They argue that since a defendant is presumed to be innocent until convicted of the crime charged and that since this presumption exists at all times and for all purposes, the only purpose the State could have had in showing the arrests was to draw an unfavorable inference against the defendants.

 We agree with the defendants that arrests or other encounters with the law which have not resulted in convictions should not be admitted into evi-

dence at the hearing in aggravation and mitigation. People v. Riley, 376 Ill 364, 367, 33 NE2d 872; People v. Jackson, 95 Ill App2d 193, 238 NE2d 196. However, we do not think that the admission into evidence of these arrests in the instant case was prejudicial to the two defendants. The record in the case at bar gives no indication that the trial judge was influenced by any unfavorable inferences which might have been drawn from the prior arrests of Hobbs and Golick which did not result in convictions. Thus, we cannot say, as the Court said in Jackson, that "it is readily apparent that in sentencing the defendant the trial court gave consideration to and placed weight upon his prior arrests and other encounters with the law which did not result in convictions. . . ." [2] People v. Jackson, 95 Ill App2d 193, 201, 238 NE2d 196. The fact that Golick was convicted of aggravated assault for which he served eight months in the House of Correction and that Hobbs was convicted on three separate indictments of armed robbery leads us to believe that any unfavorable inferences which could be drawn from the other arrests were merely superfluous and did not prejudice either of the two defendants.

■ The second objection made by the defendants under their second contention concerns a remark made by the prosecutor during the hearing in aggravation and mitigation. We have carefully examined the record in light of the statement that Hobbs was the "moving factor in the initiation of this robbery" at the tavern and we cannot say after considering the evidence and circumstances surrounding the robbery that this statement transcended the bounds of legitimate argument at a hearing in aggravation and mitigation.

---

[2] The Court supported its conclusion with the following comment made by the trial judge just prior to sentencing: "I am going on his entire record. And he is one apparently from his record who is quick to engage in violence." People v. Jackson, 95 Ill App 2d 193, 201, 238 NE2d 196.

■ ■ It should be remembered that in an aggravation and mitigation hearing the court is presumed to disregard any incompetent evidence when determining the degree of punishment. People v. Bradford, 23 Ill2d 30, 177 NE2d 139. The rules of evidence which govern at a trial do not bind the court in its inquiry into those factors which might aggravate or mitigate the defendant's punishment. The court may, in such a proceeding, look to the facts of the offense, and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. "It is not a trial in the ordinary sense of the word." People v. Grabowski, 12 Ill2d 462, 466, 147 NE2d 49. We must also note that the trial judge who sentenced the defendants also observed the defendants during the trial and heard and saw the witnesses.

■ The defendants also argue, under their second contention, that they were prejudiced because they were not allowed to cross-examine the State's witnesses in the hearing in aggravation and mitigation. Whether cross-examination is permitted in this proceeding is a matter for the trial court to decide. The record, however, shows that the defendants' counsel was permitted to ask questions of the prosecutor and the police officers. We find no abuse of the trial court's discretion in this regard.

■ ■ The defendants' third and final contention is that the minimum sentences given the defendants were excessive and should be reduced. The defendants remind us that under the provisions of Supreme Court Rule 615(b)(4) this Court is vested with the power to reduce the sentence imposed by the trial court. This rule provides that on appeal, the reviewing court may reduce the punishment imposed by the trial court. We are in accord with the defendants that the primary purpose of this rule is to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are both proportionate to the circumstances of the case and

recognize the differences in the rehabilitation potential of individual offenders. We do not, however, agree that the trial court disregarded this principle or did not consider that the defendants might be given minimum sentences as an incentive to reform, thus giving the parole authorities greater discretion in the treatment of these defendants. The evidence, when viewed in light of the nature of the crime and the background of the defendants, demonstrates to this Court that no useful purpose would be served by disturbing the sentences imposed by the trial court. People v. Thompson, 36 Ill2d 478, 224 NE2d 264. The sentences imposed upon the defendants are within the statutory range of penalties for the crime of robbery while armed and will, therefore, be affirmed.

The judgment is reversed in part and affirmed in part.

ADESKO, P. J. and MURPHY, J., concur.