THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARROLL GENE RENDLEMAN, Defendant-Appellant.

(No. 70-56;

Fifth District—January 8, 1971.

Theodore V. Bradley, of Murphysboro, for appellant.

William A. Lewis, State's Attorney, of Jonesboro, (R. Corydon Finch, Assistant State's Attorney, of Anna, of counsel,) for the People.

Mr. JUSTICE EOVALDI delivered the opinion of the court:

The defendant was tried on a six-count indictment after a plea of not guilty to all counts. The jury returned a verdict finding the defendant not guilty on Counts IV and V, which charged attempted murder; finding the defendant guilty on Count VI, which charged aggravated battery; and the jury failed to reach a verdict on Count I, which charged rape, and also failed to reach a verdict on Counts II and III, which charged burglary.

After a hearing on mitigation and aggravation, the court sentenced the defendant to the Illinois State Penitentiary for a term of not less than nine years and eleven months and not more than ten years.

Defendant's attorney presents for review the following questions:

1. Did the trial court unduly limit the defense in its examination of the witness, Bill Butterfield, to the prejudice of the defendant?

2. Did the prosecutor violate his duty in the hearing on aggravation and mitigation by offering the confession of the defendant into evidence and by making statements as to alleged crimes of which the defendant had not been convicted?

3. Was the sentence imposed by the trial court upon the conviction of aggravated battery excessive and an abuse of its discretion?

4. Was the sentence imposed by the trial court upon the conviction of aggravated battery with a minimum of nine years and eleven months and a maximum of ten years a true indeterminate sentence?

In addition, the defendant himself by letter asks that the condition be set aside because he was denied the speedy trial required by law.

We will first consider defendant's contention that he was denied a speedy trial. The record shows that the defendant was taken into custody on May 14, 1969, and was not released on bail. On May 29, 1969, the People filed a petition to have defendant declared sexually dangerous. The psychiatric report, filed on August 28, 1969, showed that the defend-

ant was mentally competent, understood the nature of the charges against him, and was able to assist counsel in his defense.

The record also shows that the defendant was arraigned on August 28, 1969, at which time the prosecuting attorney stated that the People would be ready for trial upon one week's notice. Defendant's attorney indicated that he had some motions to file. Upon agreement of both attorneys and of the defendant personally, the case was continued to September 2, 1969.

The record also shows that on September 2, 1969, the defendant moved for a continuance. The motion was granted. On September 29, 1969, the defendant's attorney filed a Motion for Discovery of Confession and for a hearing on the issue of voluntariness. The defendant was present in open court. The state's attorney confessed the motion. The defendant informed the court that he had discharged his lawyer and would have another one within a week. The case was continued to October 6, 1969, on which date the defendant advised the court that he had no attorney and requested the court to appoint one for him. The appointment was made on October 9, 1969. On November 14, 1969, by agreement of counsel the cause was set for trial for December 17, 1969, on which date the trial was commenced. The defendant and his counsel were present throughout the trial. The People and the defendant presented evidence to the jury.

● 1   In view of these events, we conclude that the defendant was granted a speedy trial as required by the Code of Criminal Procedure. Ill. Rev. Stat. ch. 38, sec. 103—5, see also, *People v. Jenkins*, 101 Ill.App.2d 414, 243 N.E.2d 414, 243 N.E.2d 259.

We next consider the question, Did the trial court unduly limit the defense in its examination of the witness, Bill Butterfield, to the prejudice of the defendant?

The attorney for the defendant in his argument states that in the trial of the cause one Bill Butterfield was called as a defense witness and that in the course of direct examination counsel for the defendant asked the witness about a fight with the complaining witness on the night of the incident for which the defendant was being tried. He contends that the court erred in sustaining an objection to the question.

The witness testified that on the night of the occurrence involved, he did not go up to her room on returning the complaining witness to her home because "We had a big fight that night."

■■   The defendant's attorney then asked "What was it about?" The prosecutor objected on the ground that the question was immaterial and irrelevant. The objection was sustained. Counsel did not pursue the issue of the fight and made no offer of proof or attempt to explain the

materiality of the question. The ruling of the trial court was correct and this did not prejudice the defendant in his trial.

Issue 2 poses the question, Did the prosecutor violate his duty in the hearing on aggravation and mitigation by offering the confession of the defendant into evidence and by making statements as to alleged crimes of which the defendant had not been convicted?

Section 1—7(g) of the Criminal Code specifically requires the court, after conviction, to consider the evidence received upon the trial and also to hear and receive evidence as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense.

■■ The case of *People v. Drewniak,* 105 Ill.App.2d 37, 245 N.E.2d 102, 106 holds that the court may consider the facts of the offense. Hearings on aggravation and mitigation are not bound by the strict rules of evidence. (*People v. Hurst,* 42 Ill.2d 217, 247 N.E.2d 614, 618.) In addition, it is presumed, on a hearing in aggravation and mitigation, that the court disregards any incompetent evidence when determining the degree of punishment. (*People v. Drewniak,* 105 Ill.App.2d 37, 245 N.E.2d 102, 106.) We conclude that the trial court committed no error in the conduct of the hearing on mitigation and aggravation.

■■ The answer to the third issue raised by the defendant (Was the sentence imposed by the trial court upon the conviction of aggravated battery excessive and an abuse of discretion?) can be found in the defendant's own testimony, wherein he admits choking the victim to unconsciousness. He choked her to such an extent that she was confined to the hospital for two weeks. The defendant committed a vicious crime against the person. A careful consideration of the evidence in this case shows that the maximum penalty meted out by the trial judge was clearly justified and was not an abuse of discretion.

In issue number 4 the defendant strenuously contends that the spread between the minimum sentence of 9 years, 11 months and the maximum of 10 years is not great enough. With this contention we agree.

■■ The case of *People v. Abernathy,* 123 Ill.App.2d 263, 259 N.E.2d 363, appropriately states that the spirit of the law is that a spread between the minimum and the maximum sentence should be provided, so as to permit the Pardon and Parole Board to release a defendant at the best time for all concerned. That case also states that the goal of a sentence may be a deterrence, or it may be an example to others, or it may seek rehabilitation of the offender to a law-abiding society. In order to attain this goal, it is necessary that there be some spread between the minimum and maximum sentence.

The indeterminate sentence in this case is not in accord with the principles surrounding the imposition of indeterminate sentences and is, therefore, set aside. We hereby reduce the minimum sentence to 7 years and fix the maximum sentence at 10 years.

With the sentence thus modified the judgment of the Circuit Court of Union County is affirmed.

Judgment affirmed; sentence modified.

EBERSPACHER, P. J, and MORAN, J., concur.