THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARBRA TOWNS, Defendant-Appellant.

(No. 71-129; ■■■■■■■■■■

Fifth District—December 22, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant was indicted for burglary in one count and for a felony theft in the second count, and entered pleas of not guilty on both counts.

Subsequently, on December 15, 1970, he withdrew his plea of not guilty on the theft charge, entered a plea of guilty thereon, and the burglary count was dismissed. After investigation and a hearing on defendant's petition for probation, the court denied probation, and imposed a sentence of three to nine years in the penitentiary.

■■ On appeal, defendant's first contention is that his plea should not have been accepted because the record does not show an effective waiver of the defendant's basic constitutional rights, pointing particularly to the fact that he was not specifically advised on his privilege against compulsory self incrimination. This contention is based on the following language of *Boykin v. Alabama*, 395 U.S. 235 at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record."

At the time of acceptance of defendant's plea in this case our Supreme Court Rule 402 Ill. Rev. Stat. 1969, 1970 Supp. ch. 110A, par. 402,) was effective, and no complaint is made that that rule was not complied with.

Two recent opinions of our Supreme Court have resolved this identical contention. In *People v. Reeves* (Sept. 1971), 43314, Ill.2d, N.E.2d, our Supreme Court said: "We find nothing in *Boykin* which compels specific admonitions and waivers with respect to the 'several constitutional rights' to which *McCarthy* refers but does not enumerate". In *People v. Arndt* (Sept. 1971), 42995, 42996, (Ill.2d), our Supreme Court said, "The Supreme Court itself has not interpreted the *Boykin* case in the literal way in which the defendant reads it", and pointed out that *Boykin* requires that the record must affirmatively disclose that the plea was accepted after it was "understandingly and voluntarily" entered.

We find that the record in the present case affirmatively discloses that defendant's plea of guilty was made understandingly and voluntarily.

■■ Defendant's second contention is that the court erred in denying this 17-year-old defendant's petition for probation and imposed an excessive sentence. In view of the time spent in the custody of our penitentiary system and our action with reference to the sentence imposed, the question of probation has become moot.

In considering the disposition of this matter the court stated, "I think if I can get him out of the environment and place him in some institution

where he will have an opportunity of going to school and furthering his education, it might be the means of rehabilitating him". We do not consider that under the circumstances of this offense as disclosed by the record, the solution to the problem of a 17-year-old defendant, who had never been convicted of a crime, but who admittedly had a poor environment, who showed remorse for his offense, and who had applied for a night school adult education program and a position in a manpower training course in auto mechanics, lies in a sentence of three to nine years. Here neither violence nor vandalism is involved. Such punishment is not consistent with our Statute, Ill. Rev. Stat. 1969, ch. 38, par. 1—2(c), nor the constitutional mandate of Article I, section 11 of the constitution of 1970 which provides that "penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship".

Accordingly, we reduce the sentence to a minimum of one year and a maximum of four years.

Judgment of conviction affirmed, sentence modified.