(No. 42550.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES BARBER, Appellant.

*Opinion filed March 30, 1972.*

WARD, J., took no part.

JOHN P. CROWLEY, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ZENON FOROWYCZ, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On December 17, 1962, James Barber, the defendant, entered his plea of guilty in the circuit court of Cook County to a charge of rape. He was sentenced to a term of not less than two nor more than 18 years in the penitentiary. In October of 1965 his post-conviction petition was dismissed on motion after arguments by counsel for the defendant and the State. In February of 1966 he petitioned the circuit court to vacate its order of dismissal; this petition was also denied. The defendant did not appeal from the judgment of conviction, the dismissal of his post-conviction petition, or the dismissal of his petition to vacate that dismissal.

In December, 1968, the defendant filed a second post-conviction petition in the circuit court of Cook County. Counsel was again appointed to represent the defendant by the circuit court. The court dismissed this petition without an evidentiary hearing and the defendant has appealed.

He contends that his conviction should be reversed because the record in the trial court fails to show that his plea of guilty was knowingly and voluntarily entered. This point is raised for the first time in this court by counsel appointed to represent him upon this appeal. Although the record now before us does not indicate whether this contention was advanced in the defendant's first post-conviction petition, it is clear that it was then available, and failure to raise it constitutes a waiver. Ill.Rev.Stat. 1969, ch. 38, par. 122–3; *People v. Holland (1965), 33 Ill.2d 246; People v. Chapman (1965), 33 Ill.2d 429.*

In addition, the record shows that when the defendant changed his plea from not guilty to guilty he was represented by counsel; the court advised him of his right to a trial by jury and that he would be waiving that right; the court advised him of the possible penalties; in response to the court's questions he stated that he was pleading guilty voluntarily and because he was, in fact, guilty of the offense. Thereafter, the prosecution stated the facts which it would have shown at trial to establish the guilt of the defendant. This plea was accepted before the promulgation of our Rule 402 (Ill.Rev.Stat. 1971, ch. 110A, par. 402), which established specific procedures for the acceptance of pleas of guilty to criminal offenses, and the record is sufficient to show that the defendant knowingly and voluntarily pleaded guilty to the offense. *(People v. Arndt (1971), 49 Ill.2d 530.)*

The post-conviction petition involved in this appeal, as originally written by the defendant, requested a release from the psychiatric division of the penitentiary because, he said, he was being held there in violation of his constitutional rights. This claim is not properly raised in a post-conviction petition because it does not involve any alleged constitutional violation which relates to the conviction of the defendant. (Ill.Rev.Stat. 1969, ch. 38, par. 122—1; *People v. Ferree (1968), 40 Ill.2d 483, 484-485; People v. Calhoun (1970), 46 Ill.2d 60, 64.)* For this reason we express no opinion concerning it.

As the defendant must be held to have waived the claims presented in this appeal, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.