THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LLOYD C. CUMMINGS, Defendant-Appellant.

(No. 71-361; ▮▮▮▮▮▮▮▮▮▮▮▮

Second District—September 7, 1972.

James R. Streicker, of Defender Project, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and William R. Ketcham, State's Attorney, of Geneva, (Leo Wotan, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was indicted for theft of property in excess of $150, and entered a plea of guilty to the charge. After denying probation, the trial court sentenced him to the penitentiary for a term of not less than four nor more than ten years.

On appeal, defendant contends that (1) the court erred in accepting his guilty plea without properly admonishing him in accordance with *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, and Illinois Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, sec. 402); and (2) the sentence imposed was excessive.

In *Boykin* it is stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct.

1065. We cannot presume a waiver of these three important federal rights from a silent record." 23 L.Ed.2d 279-280.

Illinois Supreme Court Rule 402 includes the three requirements of *Boykin* [(a) (3), self-incrimination; (a) (4), right to trial by jury and right to confront witnesses], but imposes additional responsibilities upon the trial judge. See Rule 402(a), (a)(1), (a)(2), (b) and (c).

Rule 402 is, in part, based upon Rule 11 of the Federal Rules of Criminal Procedure (S.H.A., ch. 110A, sec. 402, Supplement Committee Comments.) Rule 11 states:

"\* \* \* The court \* \* \* shall not accept such plea [plea of guilty] \* \* \* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea \* \* \*. The court shall not enter judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The necessity for personal admonishment by the court and the need for a factual determination in support of the plea was recognized by the United States Supreme Court when it interpreted Rule 11 in *McCarthy v. United States* (1969), 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166 and stated:

"\* \* \* By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack.

\* \* \* Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea \* \* \* Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" 22 L.Ed.2d 425, 426

The same underlying principles, applicable to Rule 11, found in *McCarthy*, are also found in Illinois under Rule 402. See, *People v. Mims* (1969), 42 Ill.2d 441, 444.

In the instant case, the transcript reveals that the trial judge did not, "by addressing defendant personally in open court" [(a)], inform him

of the nature of the charge [(a) (1)], his right against self-incrimination [(a) (3)], or his right to confront witnesses [(a) (4)], nor did the judge determine the factual basis for the plea [(c)].

Conceding, during oral argument, that this was not a classic case of admonishment, the State opines that there was "substantial compliance" with the requirements of Rule 402 because the record contains a signed, printed "plea of guilty" form which serves as an express waiver of the rights at issue. The form, signed by the defendant, his attorney and the judge, contains thirteen paragraphs.

While a properly drawn form may serve as a check list for the court to canvas the requirements of Rule 402, it cannot substitute for the duty of the trial judge to personally address the defendant in open court. Such substitution would perpetuate the evil which the Rule was designed to prevent, i.e., contrived, rehearsed and, hence, involuntary or unintelligent pleas.

The instant case is illustrative of conditions which necessitate the prohibition of the substitution of a written form for the judge's direct address. The transcript discloses that defendant had been confined to a mental institution for a period of two years. Paragraph four of the plea form states that the defendant had never been in a mental institution. Paragraph six recites, "I have received, read, discussed with my attorney and understand the charges against me as set forth in the Indictment in this case." The record does not disclose that the judge ascertained the nature or extent of the communications between the defendant and his attorney or, indeed, that the communications took place at all. Paragraph eight states, "I have been advised by Judge J. Petersen of my constitutional rights (a) to a speedy and public trial by a Jury or by the Court as I choose, (b) the right to see and hear all witnesses called to testify against me, (c) the right to use the power and the process of the Court to produce any evidence and call any witnesses in my favor, (d) the right to have my attorney assist me in my defense at all stages of the proceedings against me." Except for informing the defendant that a plea of guilty would result in a waiver of either a jury or bench trial, the transcript does not disclose such advice being given by the trial judge. A portion of paragraph nine states, "I have been advised by the Court and by my Attorney that I have been charged with the crime of theft * * *", yet neither the word "theft" nor any reference to the offense charged is found in the transcript of proceedings.

Both the transcript and the form are void of any mention of the nature of the charge or the factual basis for the plea of guilty in the instant offense.

For these reasons we hold that there was not substantial compliance

with the requirements of either *Boykin* or Supreme Court Rule 402. There is, therefore, no need to pass upon defendant's second contention.

The judgment is reversed and this cause is remanded with directions to vacate the plea of guilty and rearraign the defendant.

Reversed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.