THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARROLL GENE RENDLEMAN, Defendant-Appellant.

(No. 71-283; )

Fifth District—May 1, 1973.

Carroll Gene Rendleman, *pro se.*

James W. Leaton, State's Attorney, of Jonesboro, (Ralph J. Mendelsohn, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entered in the Circuit Court of Union County, Illinois, dismissing and denying relief sought by the defendant, Carroll Rendleman, through Petition for Post-Conviction Hearing. (Ill. Rev. Stat. 1971, ch. 38, sec. 122—1, *et seq.*) Previously the defendant appealed his conviction and sentence to this court, which resulted in affirmation of the conviction, but modification of the sentence to the present term of seven to ten years in the Illinois State Penitentiary. *People v. Rendleman,* 130 Ill.App.2d 912, 266 N.E.2d 115.

The defendant now appears before this court without counsel; the court appointed an attorney from the Illinois Defender Project after Notice of Appeal was filed by the defendant. Subsequently, the appointed counsel was discharged by the defendant and the defendant was given an extension of time to file a *pro se* brief. No brief has been filed and this court has allowed the defendant to proceed *pro se* and on the petition which contained a brief in the body thereof.

One of the numerous bases for error alleged by the defendant was that his constitutional right, namely his incapacity to assist counsel in his own behalf, was impaired prior to trial because of medicine and drugs which were prescribed by a physician and administered to defendant. At the hearings conducted in the lower court, testimony elicited from several witnesses, including the defendant, indicated that the defendant had not taken any medication for at least one month prior to his trial. Furthermore, the attorney who represented the defendant at trial testified that the defendant never mentioned receiving any medication or any suffering related to the ingestion of medicine. The attorney further testified that it was his opinion that the defendant was able to competently assist in his own defense, both preceding and during the trial. After hearing all the testimony, the trial court denied the petition, and stated that the defendant did not show a substantial violation or denial of a consitutional right.

██ It is eminently clear and established in Illinois that the factual determinations in a post-conviction proceeding made by a judge will not be disturbed unless they are manifestly erroneous. (*People v. Bratu,* 46 Ill.2d 143, 262 N.E.2d 921.) We believe that the record is replete with competent evidence to dispell the defendant's contention that his constitutional right was impaired, and we, therefore, refuse to disturb the finding of the lower court.

As to the other points raised by the defendant, the court has reviewed each point, the enumeration of which would serve no useful purpose, and finds nothing meritorious on which to comment.

The dismissal of the defendant's post-conviction petition by the Circuit Court of Union County is hereby affirmed.

Judgment affirmed.

G. MORAN and JONES, JJ., concur.