THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY GREEN *et al.*, Defendants-Appellants.

(No. 12006;

Fourth District—June 20, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellants.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendants-Appellants Jerry Green and Gene Hubbard entered pleas of guilty to the charge of armed robbery and each was sentenced to an indeterminate term of 5 to 7 years in the penitentiary.

On June 20, 1972, the defendants appeared before the trial judge. Defendants' counsel announced that the defendants were offering to plead guilty. The following exchange between defendants' counsel and the judge appears in the record:

> "THE COURT: The indictment has been returned for a number of weeks now and they have been furnished copies of the same. I assume they understand the nature of the charges?
>
> MR. DAVIS: I have explained them fully to them, Your Honor, and I believe they do.
>
> THE COURT: All right, the indictment is rather short and concise. Next let's get into if they understand the nature of the charges, let's get into what the Criminal Code provides in the way of a possible penalty or sentence, * * *."

Thereafter the court fully and carefully admonished the defendants in conformity with sub-pars. (2), (3), (4) of Rule 402, and determined, in conformity with sub-sec. (b) that the plea was voluntary, and determined in conformity with sub-sec. (c) that there was a factual basis for the plea. The record further discloses, however, that the court overlooked the explanation of the nature of the charge. This omission requires reversal. The provision of Rule 402 which directs that the court shall not accept a plea of guilty without first addressing the defendant personally, informing him of and determining that he understands the nature of the charge is a requirement separate and distinct from the provisions of sub-par. (c) which mandates the determination of a factual basis for the plea. These two requirements are in separate paragraphs of the Rule and one does not duplicate the other. Informing the defendant of the nature of the charge requires that the trial judge by reading or paraphrasing the essential allegations of the indictment, explain to the defendant the acts (and the accompanying state of mind where applicable) which the State alleges him to have committed; it *also* requires that the court then read or paraphrase and explain to the defendant the applicable section of the Criminal Code which

proscribes the conduct attributable to the defendant as alleged in the indictment.

■■ The factual basis of the plea consists of an express admission by the defendant that he committed the acts alleged in the indictment (with the accompanying state of mind where applicable) or a recital to the court of evidence which will support the allegations of the indictment.

Accordingly the judgment of the trial court is reversed and the cause remanded with directions to permit the defendants to plead over.

Reversed and remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.