The People of the State of Illinois, Plaintiff-Appellee, *v.* Melvin Paproth, Defendant-Appellant.

(No. 71-317; )

Fifth District—March 18, 1974.

*Rehearing denied April 18, 1974.*

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Melvin Paproth, was charged by indictment filed on March 31, 1971, in the circuit court of Montgomery County, Illinois, with the offense of burglary.

At the arraignment held on the morning of June 22, 1971, the defendant requested a recognizance bond. The court refused the request but stated that if the defendant were able to meet the bond that he would be allowed to leave the state to attend to a personal matter involving the legality of the defendant's marriage to a 15-year-old girl. The defendant

expressed a desire to assist his wife in avoiding being placed in a detention home by his proving the validity of a marriage that was alleged to have occurred in the State of Missouri. The defendant asserted that he was without funds to meet the required bond. The matter with the defendant was concluded at approximately 10:45 A.M.

At 11:45 A.M., approximately 1 hour after the original arraignment had been concluded, court reconvened. The State's Attorney informed the court that he had received communication from defense counsel stating that the defendant wished to change his plea. The State's Attorney stated to the court, "My understanding in communication with defense counsel as well as a recommendation of the Sheriff of Montgomery County is that Mr. Paproth wishes to plea [sic] guilty to the offense of burglary at the Pruitt residence and his attorney has asked us that the check charge be dismissed with leave to reinstate."

The court then inquired of the defendant if he desired to plead guilty and make application for probation. The defense counsel answered yes.

The court then explained that the defendant had a right to plead guilty and to request the matter be referred to the probation officer "and in that event the Court would refer it to the Probation Officer of this court to make an investigation and there would be a hearing on that and it would be up to the Judge to grant you probation. In the event you were not granted probation you might be sentenced to the penitentiary for not less than one year with a maximum of any number of years, do you understand?" The defendant answered "yes". The court then inquired if the defendant desired to plead guilty and the defendant responded, "[Y]es, I want to plead guilty." The court then continued, "Very well, it will be necessary that you reduce this to writing stating that you are guilty of this Pruitt burglary as charged and that you do waive your right to a trial by jury."

The State's Attorney next informed the court that no promises or concessions had been made other than those which were part of the record and the defendant admitted subsequently that he did sign in open court the "JURY WAIVER AND PLEA OF GUILTY".

The court then accepted the defendant's written jury waiver and plea of guilty and inquired of defendant if he understood that acceptance of such plea was the equivalent of having been found guilty by jury verdict. Again the defendant answered "yes".

Thereupon the matter was referred to the probation officer. The probation report was filed on June 30, 1971, the date set for hearing. On October 4, 1971, the defendant appeared to offer testimony in support of his application for probation. During the hearing then held defendant testified, in explanation of his failure to appear June 30, that he was

"preaching" and working as a carpenter in South Dakota when he was arrested and waived extradition and brought back for this hearing; that he had intended to return for the June 30 hearing but was prevented from doing so because of an attack of stomach cramps in Kansas City. He also alluded to the personal matter of the legitimacy of his marriage. The court denied the defendant's application for probation and sentenced the defendant to a term of not less than 3 nor more than 7 years in the Illinois State penitentiary system. The State had recommended that the defendant be sentenced to a term of from 1 to 4 years.

The defendant has brought this appeal asserting that the trial court did not substantially comply with Illinois Supreme Court Rule 402, specifically sections(a)(3), (a)(4) and (b).

The defendant asserts that the facts and circumstances of this case strongly suggest that the defendant was rushed or pressured into his decision to plead guilty, but concedes, however, that it cannot be positively established by the record. With that we agree. The record of the "original" or "first" arraignment includes the following dialogue which occurred earlier that morning.

> "THE COURT: Those are the various papers that are on file in this case. It's my duty once again to inform you that this Bill of Indictment returned by a Grand Jury of this County of March 31, 1971, charges you, Melvin Paproth, Jr., and Jess Arnold did commit the offense of burglary at the William Pruitt residence, Rural Route, Litchfield, Montgomery County, Illinois, in that you did in there knowingly enter the residence of said William Pruitt with intent to commit therein a theft and you did knowingly obtain unauthorized possession over a television, stereo, tape player, watch, knife and wedding ring, the property of Mr. and Mrs. Pruitt, being in the value of more than One Hundred Fifty Dollars ($150.00) with intent to permanently deprive the owners of use and benefit of that property.
>
> This also constitutes the offense of burglary and in case you are found guilty you might be sentenced to the penitentiary for not less than one year and with the maximum of any number of years. Here your rights are just the same as I told you in the other case. Would you like them repeated? Could we stipulate that the same rights that were explained in the Arraignment in Number 71-C-43 be incorporated in this Arraignment?
>
> MR. WHITE: Yes.
>
> THE COURT: Now, you have a right to a trial by jury, you have a right to hire your own lawyer, however, the Court has appointed a lawyer for you and you have indicated that his ser-

vices are satisfactory. You have a right to make the State prove this charge beyond a reasonable doubt convincing all 12 members of the Petit Jury panel that you are guilty beyond a reasonable doubt. You have a right to confront the persons that accuse you of this crime in open court, you have a right to bring in witnesses on your own behalf by subpoena or otherwise. You are presumed innocent of this charge until you are proven guilty and you have a right not to make any statement or plea which might incriminate you. You are entitled to a trial within 120 days from the time you were jailed for this offense. Now, I will ask you how do you plea, guilty or not guilty?

MR. MELVIN PAPROTH: Not guilty."

■■ The assertions that the defendant makes concerning the alleged pressures and persuasions are unsubstantiated by the record. The Supreme Court Rule requires *substantial* compliance and our reading of the record indicates that there has been substantial compliance. The cases cited by the defendant do not support his contention. Indeed, as stated in *People v. Krouse*, 7 Ill.App.3d 754, 757, 288 N.E.2d 543, at p. 547:

"Similarly, the next contention of defendant regarding Rule 402, that he was not informed that he was waiving a right to trial and to confront witnesses against him cannot be refuted categorically. However, our Supreme Court in *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30, stated that even though defendant, who had been informed that a guilty plea waives the right to a trial by jury, 'was not similarly admonished on the record, that he was simultaneously waiving additional constitutional rights, including the privilege against self-incrimination and the right to confront his accusers * * *.', the trial court's admonitions nonetheless constituted substantial compliance with Rule 402. The Supreme Court enlarged upon this issue:

'The free and voluntary character of defendant's plea, as disclosed in this record, is uncontradicted by factual allegations in the petition or by accompanying affidavit. The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of this plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences.' *People v. Mendoza*, 48 Ill.2d 371, 374."

Defendant's final contention under Rule 402, that the trial failed to determine that the plea was voluntary, is not supported by the record. The trial court asked the defendant, "In making this plea guilty have there been any promises made by anyone—the state's attorney, * * *,

you or the court concerning what the sentence might be?" Defendant answered, "No." The court continued, "This is of your free will and accord?" Defendant: "Yes."

On the strength of *People v. Mendoza,* 48 Ill.2d 371, we reach the conclusion that there was substantial compliance with Rule 402 and that the deficiencies noted are not sufficient to constitute reversible error.

■■ We agree with the defendant's contentions that the mere signing of a printed form allegedly waiving the constitutional right to a jury trial is not sufficient to indicate that such an alleged waiver was performed not only understandingly but also expressly (*People v. Rambo,* 123 Ill. App.2d 299, 260 N.E.2d 119; *People v. Cummings,* 7 Ill.App.3d 306, 287 N.E.2d 291), and that the election to forego a jury trial must expressly and understandably be made (*People v. Surgeon,* 15 Ill.2d 236, 154 N.E. 2d 253). We conclude that there has been substantial compliance with the rule.

■■ The defendant next asserts that the sentence imposed is excessive. Defendant has a previous conviction for burglary, and had successfully completed a 2-year probation. Defendant's statements at the probation hearing likewise reflect on the possibility of an early rehabilitation. We note that since the court imposed the sentence the Unified Code of Corrections has become a part of the law and all cases on direct appeal are covered thereby. This law requires that the minimum sentence not exceed one-third of that of the maximum in this case. We therefore reduce the minimum sentence imposed upon the defendant to 2 years 4 months. Ill. Rev. Stat., ch. 38, sec. 1005—8—1.

As modified the judgment is affirmed.

G. MORAN, P. J., and CREBS, J., concur.