THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED TRIPLETT, Defendant-Appellant.

(No. 72-321; 

Fifth District—April 8, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael J. Rosborough, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant was convicted upon his guilty plea of two counts of armed robbery in St. Clair County and was sentenced from 5 to 15 years on each count, sentences to run concurrently. The pleas and sentence were pursuant to plea negotiations. The appeal is based on alleged violations of Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, sec. 402).

■■ The record indicates that in admonishing the defendant, the court stated:

> "THE COURT: * * * First, you are charged with the crime of armed robbery. This carries a penalty from five up to any number of years. Do you understand that?
>
> DEFENDANT TRIPLETT: Yes, sir."

The above statement was the only admonition given as to the nature of the charge (Rule 402(a)(1)), and of the sentence available (Rule 402 (a)(2)). The record is void of any fact that the defendant had read the indictment or that it had been read to him. This court and other courts have clearly held that an admonition which does no more than state the *name* of the charge does not comply with Supreme Court Rule

402(a)(1). *People v. Hudson,* 7 Ill.App.3d 800; *People v. Ingeneri,* 7 Ill. App.3d 809; *People v. Krantz,* 12 Ill.App.3d 38; *People v. Bauswell,* 12 Ill.App.3d 35; *People v. Green,* 12 Ill.App.3d 418.

■■ It is difficult to determine whether or not appellant's answer to this admonition stated above prior to his plea of guilty being accepted by the court was both to the nature of the charge and the minimum and maximum sentence prescribed by law, or just to the available spread of sentences. Supreme Court Rules 402(a)(1) and 402(a)(2) are separate sub-paragraphs and should be so treated in asking questions and admonishing the defendant.

The following statement was made in the record by the prosecution at the time the appellant entered his plea:

> "That the defendant, Alfred Triplett, had a minor automobile collision with an automobile in which were riding Geraldine Jenkins and Greta Jenkins. Subsequent to the accident in the stopping of both cars, Mr. Triplett pulled a revolver and took sums of money from each of the individuals."

The judge addressed the appellant personally after the above statement was made. However, at no time did the judge "read or paraphrase the essential allegations of the indictment or explain to the defendant the acts (and the accompanying state of mind, where applicable) which the State alleges him to have committed". This quoted language is from *People v. Green,* 12 Ill.App.3d 418.

The factual basis for the plea as stated by the prosecution falls far short of supplying the missing ingredients for a compliance with the rule that the defendant must understand "the nature of the charge". The complete record does not demonstrate any basis to determine that the defendant understood the nature of the charge.

■■ The defendant contends that there were other errors in the proceedings when his guilty plea was accepted by the court. However, it is not necessary to discuss these points, as non-compliance with Supreme Court Rule 402(a)(1) is sufficient to reverse this case. Accordingly, the judgment of the trial court of St. Clair County is reversed and the cause is remanded with directions to allow the defendant to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.