THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL L. MILLER, Defendant-Appellant.

(No. 12235;

Fourth District—June 3, 1974.

John F. McNichols, of Office of State Appellate Defender, of Springfield, for appellant.

Robert L. Welch, State's Attorney, of Virginia, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant appeals from an order of the Circuit Court of Cass County denying his petition for post-conviction relief filed with regard to his conviction on the charge of burglary.

Defendant was arrested and substantially indicted for the burglary of the Mallard Inn of Beardstown, Illinois, that occurred on December 23, 1969. On February 25, 1971, defendant pled guilty to the charge of burglary. He was sentenced to an indeterminate term of 2 to 5 years on that charge. The 2-5 year term was to run concurrently with another sentence of 2-5 that he received, in the same proceedings, after he entered a plea of guilty to the charge that he violated his bail bond. Defendant did not exercise his right to a direct appeal from the aforementioned judgment. On January 28, 1972, he petitioned the Circuit Court of Cass County for post-conviction relief. A hearing was held on the petition. The trial court denied defendant's petition and he appeals.

On appeal defendant raises three issues for review. Since one of these issues is dispositive this court need not address the remaining issues. Defendant submits that the trial court which accepted his plea of guilty failed to substantially comply with Supreme Court Rule 402, in that it did not establish a factual basis for the plea of guilty as mandated under Supreme Court Rule 402(c); and that this failure to substantially comply with Rule 402 amounted to a denial of due process under both the Federal and State constitutions.

That portion of the arraignment which dealt with the factual basis for defendant's plea is as follows:

"THE COURT: Very well.

The charges that have been posed here against you by the Grand Jury of this jurisdiction by way of true bills of indictment read as follows:

The one on burglary reads that on December 23rd, 1969, in Cass County, Illinois, Michael L. Miller committed the offense of burglary in that they—also with Dale Kroening, by the way —without authority, knowingly entered a building owned, used or occupied by Charles Kirchner, doing business as Mallard Inn, with intent to commit therein a theft in violation of Paragraph 19—1, Chapter 38, Illinois Revised Statues. (sic)

That section of the Criminal Code reads that a person commits burglary when, without authority, he knowingly enters or without authority remains within a building or any part thereof, with intent to commit therein a felony or theft.

The penalty affixed therefor is a person convicted of burglary shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one years. (sic)

That means that the Court, upon conviction, would or could set imprisonment in the penitentiary for an indeterminate term. The minimum could not be less than one year, but the minimum could be more than one year, and the maximum could be for any period of time that the Court determined to be proper. You understand that?

MR. MILLER: Yes, sir, I do."

■■ In order for a claim to be properly cognizable under the Post-Conviction Hearing Act it must urge the existence of a substantial denial of the petitioner's rights that arise under the Federal or State constitution. (*People v. Newberry,* 55 Ill.2d 74, 302 N.E.2d 34.) In a post-conviction proceeding the burden is upon the petitioner to demonstrate that his constitutional rights have been abridged. *People v. Watson,* 50 Ill.2d 234, 278 N.E.2d 79.

Supreme Court Rule 402 was promulgated to insure compliance by the courts of this jurisdiction with the mandate of *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. In *Boykin* the Supreme Court noted that in order to satisfy the requirements of due process a guilty plea in a criminal prosecution must be voluntarily and understandably made.

■■ The courts of this jurisdiction have uniformly held that absolute compliance with Supreme Court Rule 402 is not necessary, however substantial compliance is. (*People v. Green,* 12 Ill.App.3d 418, 299 N.E.

2d 535.) Failure to substantially comply with Supreme Court Rule 402 results in a deprivation of due process which is error of a constitutional magnitude. See *People v. Barber*, 51 Ill.2d 268, 281 N.E.2d 676.

The requirement that a factual basis for a plea be established is interwoven within the constitutional fabric of the concept of voluntariness enunciated in *Boykin*. Supreme Court Rule 402(c) is designed to assist the trial judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary; and to produce a complete record at the time a plea is entered of the factors relevant to such voluntariness. Therefore the failure to substantially comply with Rule 402(c) results in a failure to substantially comply with Rule 402 in its entirety.

■■ In *People v. Hudson*, 7 Ill.App.3d 800, 803, 288 N.E.2d 533, 535, it is stated that:

> "The requirement of Rule 402(c) that there be a factual basis for the plea is met when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. It is not necessary that it appear on the record beyond a reasonable doubt or even by a preponderance of the evidence that the defendant committed the offense. (See ABA Standards Relating to Pleas of Guilty, Par. 1.6, Approved Draft, 1968.) All that is required to appear on the record is a *basis* upon which the judge could *reasonably* reach the conclusion that there is a connection between the defendant's acts and the intent with which he acted *and* the acts and intent (if any) required to constitute the offense to which the defendant is pleading guilty."

The court went on to suggest several possible approaches for substantial compliance: an inquiry of the defendant as to what he did; requesting the prosecutor to make a summary of the evidence he would have produced at trial; examination of witnesses; and/or examination of the presentencing report. None of the above were done in the case at bar, notwithstanding the fact that the trial court endeavored to comply, and did comply with other facets of Rule 402.

■■ Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to permit the defendant to replead. See *People v. Clark*, 13 Ill.App.3d 39, 299 N.E.2d 752.

Reversed and remanded with directions.

SIMKINS, P. J., and KASSERMAN, J., concur.