THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESS J. MORLAN, Defendant-Appellant.

(No. 73-307;

Fifth District—November 7, 1974.

Robert E. Farrell of Mt. Vernon, and Bruce Stratton, of Springfield, both of State Appellate Defender's Office, for appellant.

Loren P. Lewis, State's Attorney, of Benton, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On May 18, 1972, an information was filed in the Circuit Court of Franklin County, charging the appellant with rape. On June 6, 1972, pursuant to a negotiated plea, the appellant pled guilty to the charge and was sentenced to the Illinois Department of Corrections for a period of not less than 4 nor more than 6 years. The appellant did not take a direct appeal from this conviction and judgment.

On March 3, 1973, appellant filed a pro se post-conviction petition,

pursuant to section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*), and thereafter the post-conviction petition was amended following appointment of counsel for appellant. On June 6, 1973, exactly one year after appellant had entered his guilty plea, an evidentiary hearing was held pursuant to section 122—6 of the Code to determine whether appellant had been substantially denied certain constitutional rights when he pled guilty on June 6, 1972. The trial court, upon hearing the evidence and examining the documents on file, denied appellant's post-conviction petition, as amended, and dismissed the case. From such order the appellant now brings this appeal.

In denying appellant's post-conviction petition and dismissing the case, the trial court below found—and stated to the effect at the post-conviction evidentiary hearing—that the record of the conviction proceeding on June 6, 1972, revealed that the defendant had knowingly and voluntarily entered his plea of guilty. We disagree.

In reviewing a determination made by a trial judge in a post-conviction hearing under section 122—6 of the Code, we will not disturb such determination unless we find it to be manifestly erroneous. (*People v. Brown*, 12 Ill.App.3d 535, 299 N.E.2d 37; *People v. Rendleman*, 11 Ill. App.3d 214, 296 N.E.2d 610). After a review of the report of proceedings on June 6, 1972, together with the transcript of the post-conviction evidentiary hearing, we find the trial court's determination in this case to be erroneous.

We note at the outset that the gist of appellant's post-conviction petition, as amended, focuses upon whether appellant knowingly and voluntarily pled guilty to the charge of rape on June 6, 1972. While not raising the question of whether there was substantial compliance with Supreme Court Rules 401 and 402, the appellant did allege:

(1) that the trial court had wholly failed to inquire into the factual basis of the alleged offense prior to accepting his guilty plea;

(2) that appellant was denied the right to trial by jury;

(3) that appellant was denied the right to confront his accusers;

(4) that appellant was denied the right and privilege against compulsory self-incrimination; and

(5) that appellant was denied effective assistance of counsel at the conviction proceedings on June 6, 1972.

Attached to appellant's post-conviction petition was a copy of the report of proceedings wherein the plea of guilty was entered and accepted on June 6, 1972.

It is a constitutional requirement that the record show that defendant

entered a plea of guilty knowingly and voluntarily. (*Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.) However, there is no constitutional requirement that the record show that the defendant be admonished as to every right which is waived by a guilty plea. *People v. Reeves*, 50 Ill.2d 28, 276 N.E.2d 318; *People v. Towns*, 3 Ill.App.3d 710, 279 N.E.2d 60; *People v. Nardi*, 48 Ill.2d 111, 268 N.E.2d 389.

We quote below the report of proceedings on June 6, 1972, in its entirety:

"Mr. Owens [State's Attorney]: We are here this morning in case No. 72-CF-34, *The People vs. Jess Morlan*, for the purpose of preliminary hearing, and in conference with the defendant and his attorney, the Public Defender, the defendant has indicated that he would like to waive that procedure and enter his plea in this matter.

Mr. Lucas [Defendant's Attorney]: Your Honor, we would like the record to reflect at this time that Mr. Morlan and I have discussed this matter and this charge on several occasions. I, as his court appointed attorney, have explained to him his constitutional rights in regard to my representing him and in regard to the burden of proof being on the state which would be necessary to find him guilty of this most serious charge. Mr. Morlan persists in directing me as his attorney after having been advised of the minimum sentence on a conviction of this offense of not less than four years nor more than his natural life, he persists in directing me after our conferences in regard to this matter, in waiving preliminary hearing, waiving indictment by grand jury and entering his plea of guilty to the felonious charge of rape. He further asks that we waive hearing in aggravation and mitigation and upon discussion of this matter with the State's Attorney and in regard to plea bargaining which has taken place in regard to this charge by my office for Mr. Morlan, it is my understanding that upon a plea of guilty by Mr. Morlan that the State's Attorney would recommend not less than four nor more than six years. And at this time, Your Honor, we would ask that the record show that we do waive formal arraignment, we waive grand jury indictment and we wish to enter our written plea of guilty to the charge as is [*sic*] set out in the information. Mr. Morlan, of course, is in open court today and I will ask him for the record so there is no mistake about this. Mr. Morlan, you have heard the statements I have made as your counsel here today, haven't you?

Mr. Morlan: Yes, sir.

Mr. Lucas: I have stated your feelings as you have expressed them to me, have I not?

Mr. Morlan: Yes, sir.

Mr. Lucas: Is it still your desire to direct me to make these statements in your behalf?

Mr. Morlan: Yes, sir.

(Defendant executes written waiver of indictment by grand jury and written waiver of trial by jury and plea of guilty.)

The Court: Alright, Mr. Morlan, I will accept your waiver of indictment by grand jury and also your waiver of trial by jury and plea of guilty and advise you that you do have a right to an investigation by the probation officer prior to sentencing, but do you waive that right?

Mr. Morlan: Yes, sir.

The Court: Alright, then, I will take the recommendation of the State's Attorney and sentence you to the Illinois Department of Corrections for a period of not less than four years nor more than six years, and at this time direct the Sheriff of Franklin County to deliver you to the Department of Corrections of the State of Illinois to be placed in the penitentiary during the term that you have been sentenced to."

It is pointing out the obvious to note that the *only* inquiry made of the appellant by the trial court in the entire proceeding quoted above was with regard to a presentence investigation and waiver thereof. The record reflects no personal admonishments by the trial court, no determination regarding whether the appellant understood the nature of the crime for which he was charged, whether he knew he had a right to persist in a plea of not guilty, whether he understood the effect of a guilty plea with regard to waiving his right against compulsory self-incrimination, whether his plea of guilty was induced by fear, promises or threats, whether there was any factual basis for the plea, whether appellant knew that his guilty plea would waive his right to confront the witnesses against him, whether appellant knew that a guilty plea waived the right to trial by jury. Nor did the trial court personally confirm the plea agreement with the appellant.

■■ Absolute compliance with Supreme Court Rule 402 is not constitutionally required; however, substantial compliance is required. (*People v. Green*, 12 Ill.App.3d 418, 299 N.E.2d 535.) In *People v. Miller*, 19 Ill. App.3d 864, 867, 312 N.E.2d 352, 354, the court stated:

"Failure to substantially comply with Supreme Court Rule 402 results in a deprivation of due process which is error of a con-

stitutional magnitude." (See also *People v. Barber*, 51 Ill.2d 268, 281 N.E.2d 676.)

In the instant case, appellant did not allege specifically in his post-conviction petition that the trial court failed to substantially comply with Supreme Court Rule 402; instead, he alleged that he was denied certain fundamental constitutional rights by reason of the trial court failing to "* * * sufficiently inquire into whether [he] knowingly, voluntarily, or understandingly pled guilty * * *." We find that the appellant has, in essence, alleged that the trial court substantially failed to comply with Rule 402, which was promulgated to insure compliance with the mandate of *Boykin v. Alabama, supra,* and *People v. Miller, supra.*

In *People v. Meredith*, 21 Ill.App.3d 305, 314 N.E.2d 612, a case which also came before this court after a post-conviction evidentiary hearing, we reversed and remanded with instructions that the defendant be allowed to plead anew because the *record* there did not affirmatively disclose that the defendant had pled guilty understandingly and voluntarily. In *Meredith*, the defendant had not been advised by the trial court of his right to persist in his plea of not guilty or of his right to be confronted with the witnesses against him. No determination had been made as to whether or not any force or threats or any promises, apart from the plea arrangement, had been used to obtain the plea. The instant case is more compelling for reversal.

■■ When coupled with all of the other violations of Rule 402, the failure of the trial court to determine a factual basis of the appellant's plea is itself cause for reversal. In *People v. Miller*, 19 Ill.App.3d 864, 867, 312 N.E.2d 352, 354, the court stated:

> "The requirement that a factual basis for a plea be established is interwoven within the constitutional fabric of the concept of voluntariness enunciated in *Boykin*. Supreme Court Rule 402 (c) is designed to assist the trial judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary; and to produce a complete record at the time a plea is entered of the factors relevant to such voluntariness. Therefore the failure to substantially comply with Rule 402(c) results in a failure to substantially comply with Rule 402 in its entirety." (Emphasis added.)

It should be noted that in the evidentiary hearing on the post-conviction petition, the appellant testified that he did not remember anything about what was "supposed to have happened" and had thought he had been arrested for "being drunk." An evidentiary hearing on a post-conviction petition attacking the voluntariness of the guilty plea on constitutional grounds cannot breathe constitutional life into the conviction proceed-

ings record, which on its face reflects substantial noncompliance with Supreme Court Rule 402, especially when such evidentiary hearing itself fails to elicit such factual basis from the testimony of the appellant himself. The fact that appellant signed a form allegedly waiving his right to grand jury indictment and trial by jury and allegedly entering a guilty plea is not sufficient, of itself, to indicate that such waivers and plea were understandingly or voluntarily made. *People v. Paproth*, 18 Ill.App. 3d 385, 309 N.E.2d 706.

In view of our determination that the record does not affirmatively disclose that appellant entered this plea of guilty knowingly and voluntarily, we need not consider his contention with regard to denial of effective assistance of counsel.

■■ We reverse the decision of the Circuit Court of Franklin County and remand with instructions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.