THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD G. CAUGHLIN, Defendant-Appellant.

(Nos. 71-276; 71-277 cons.;

Second District—September 12, 1972.

Ralph Ruebner, of Defender Project, of Elgin, (James R. Streicker, of counsel,) for appellant.

William R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan and Leo J. Wotan, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, Ronald G. Caughlin, age 29, pled guilty to two separate charges of deviate sexual assault. He seeks to reverse the judgment and to vacate the 4-8 year concurrent sentence imposed, claiming that the court did not advise him of the nature of the charge, the right to remain silent, and did not make a factual determination of the basis for the plea. Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, sec. 402), was in effect when the plea was taken.

We conclude that the admonishments were in substantial compliance with Rule 402 and did not offend against the basic constitutional guarantees which underlie the rule.

■■■ The rule does not state a requirement that a defendant must be specifically advised that he has the right to remain silent *i.e.* not to incriminate himself, and the specific statements are not constitutionally required. There is no requirement under *Boykin v. Alabama* (1969), 23 L.Ed.2d 274, 279-80 compelling specific and literal statements of all constitutional rights of an accused involved in a waiver that takes place upon the entry of a guilty plea. *People v. Arndt* (1971), 49 Ill.2d 530, 531; *People v. Reeves* (1971), 50 Ill.2d 28, 30. See also *People v. Page* (1972), 3 Ill.App.3d 819.

■■ We find substantial compliance with the requirement of Rule 402(a) that the nature of the charge be stated. The defendant was told by the court at the time of his guilty plea that he was charged with "sexual deviate conduct". Additionally the indictment, explicitly defining the charge, had been read by the court on *voir dire* examination of jurors prior to the change of plea. Thereafter, the trial was adjourned for a competency examination in the course of which defendant explained in explicit detail his deviate conduct. Defendant's counsel stated to the court that he had fully explained the result of the examination to the defendant.

■■ The same judge presided during all of the proceedings and the record clearly shows that the court determined that there was a factual basis for the plea as required by the rule. See *People v. Trenter* (1972), 279 N.E.2d 130, 132.

■■ The court did not specifically advise defendant that by pleading guilty he waived "the right to be confronted with the witnesses against him", in the language of Rule 402(a)(4). However, a jury trial had already been started. Before accepting the plea the court told defendant that he was giving up his right to a jury trial. There is nothing in the record to indicate that defendant did not thereby understand that he was also giving up the right to confront witnesses who could appear if the trial had continued. There was substantial compliance with the rule. See *People v. Mendoza* (1971), 48 Ill.2d 371, 373-4; *People v. Eads* (1971), 2 Ill.App.3d 411, 414.

■■ The whole record shows a voluntary and understanding plea in the course of which additional charges of burglary were *nolle prossed*.

■■ The defendant has also argued that the court arbitrarily denied him probation, citing our ruling in *People v. McAndrew* (1968), 96 Ill.App.2d 441. The argument is principally based upon the comments made by the court in which he referred to his experience in allegedly dissimilar cases in which probation with attendant psychiatric care had turned out badly. It is evident, however, that the court considered the fact that the defendant was carrying a knife with which he threatened his victim; gave weight to the medical reports which concluded that defendant was sexually dangerous and should receive institutional therapy; and considered that the probation department had recommended that probation be denied after a full investigation. We cannot say that, under these circumstances, the court either failed to exercise discretion or improperly decided that a first offender in need of therapy should be imprisoned.

Judgment affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.