THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN E. LARRABEE, Defendant-Appellant.

(No. 70-201;

Fifth District—October 16, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert F. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Fender, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant pled guilty to the crime of indecent liberties with a child in violation of Ill. Rev. Stat., ch. 38, par. 11—4(a)(3).

Before the trial court accepted the guilty plea, the following discussion on the effect and results of entering such a plea took place:

"The Court: You understand that if the court accepts your plea of guilty it is the duty of the court to decide if a penalty should be declared, and, if so, to what extent. You understand that? The Defendant: Yes, sir.

* * *

The Court: Do you have any questions to ask the lawyer, state's attorney, or Court? The Defendant: No. Ass't State's Attorney: I have a few to ask him. The Court: All right, you may question. Ass't State's Attorney: Mr. Larrabee, do you understand that on a plea of guilty if you didn't plead you would have a right to go to trial? In other words, to have twelve people in the box of your peers to decide your guilt or innocence? The Defendant: Yes.

Ass't State's Attorney: You understand that?

The Defendant: Yes.

Ass't State's Attorney: If you don't want a jury trial you can have a trial before the Court and you waive it, by pleading guilty you waive the right to trial by jury?

The Defendant: Yes.

Ass't State's Attorney: You understand you are charged with the crime of indecent liberties with a child?

The Defendant: Yes.

Ass't State's Attorney: The minimum is four years and the maximum twenty years. The Judge is not bound by anything in between, other than the minimum and maximum; you understand that?

The Defendant: Yes.

Ass't State's Attorney: One other thing, just before accepting this plea. This is a case in which Mr. Larrabee was riding in his car and came upon a young person under the age of sixteen years, and he picked the child up in his car and he performed an act of lewd fondling or touching of this girl, with intent to arouse sexual desires, which is a violation of the law. Is that correct?

Attorney for Defendant: That is correct.

Ass't State's Attorney: Those are the facts. So the defendant understands the facts in the case and the defendant understands what he is charged with.

The Court: Those are the facts in the case, sir?

The Defendant: Yes, sir."

Thereafter, the trial court questioned defendant regarding his age, marital status, employment history, and military service.

On October 29, 1970, the trial court again discussed defendant's background with him and asked for comments from defendant's counsel who offered none. The State's Attorney recommended the statutory minimum of four years, and the trial court sentenced defendant to a minimum of four years and a maximum of five years, denying probation.

Defendant now presents for review the following issues:

1. Whether there was a factual basis to support the acceptance of a guilty plea.

2. Whether defendant was properly admonished concerning the effect and results of entering a guilty plea.

3. Whether the court erred in denying probation to the defendant.

■■ The assistant State's Attorney's statement explaining the offense charged, and the agreement of both the defendant and his employed

counsel that this was correct, provided the court with ample factual basis for the plea.

■■ With reference to defendant's contention regarding his guilty plea, it is the duty of the trial court to admonish the defendant concerning the effect and results of entering a guilty plea (Supreme Court Rule 402(a)(2), (3) and (4)), and it should not be delegated or allowed to go by default to either the prosecutor or the defense attorney. In *People v. Weakley,* 45 Ill.2d 549, 259 N.E.2d 802, decided on the law before Rule 402 went into effect, the judgment of conviction was reversed and remanded because the record did not show that the trial court personally had advised the defendant at the time of his plea of guilty was entered of the minimum and maximum terms of the punishment provided by statute although the defendant's attorney apparently had done so *out of court.* In that case the trial court did not know but only presumed that this explanation, which it did not audit, was accurate and adequate. Here, the trial court heard the explanation and the affirmation by defendant that he understood. The entire exchange was bracketed by inquiries by the trial court directed to the defendant and which elicited responses indicating understanding. By the manner in which the exchange of questions and answers occurred, the trial court incorporated by reference the explanations and admonitions offered by the assistant State's Attorney.

There is no persuasive reason for disturbing the trial court's determination regarding probation. The court had before it the defendant's voluntary confession, the reports of two psychiatrists and the probation officer and the defendant himself.

In view of the record in this cause, therefore, we believe that there is no reversible error and that the judgment of the Circuit Court of St. Clair County should be affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.