THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM CARLE, SR., Defendant-Appellant.

(No. 71-94; ▮)

Third District—October 17, 1972.

*Rehearing denied November 28, 1972.*

James Geis, of Defender Project, of Ottawa, for appellant.

James W. Jerz, of State's Attorneys Association, of Elgin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant appeared with counsel before the circuit court of Mercer County and pled guilty to the charge of theft of property valued

over $150.00. The trial judge accepted the defendant's plea and sentenced him to the State penitentiary for a period of two to five years.

The defendant has filed this appeal on the basis that he was denied due process of law because the trial judge failed to properly admonish him of the consequences of a guilty plea.

The United States Supreme Court in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, stated:

> "Several federal constitutional rights are included in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, it is a privilege against compulsory self-incrimination guaranteed by the fifth amendment and applicable to states by reason of the fourteenth. (*Malloy v. Hogan,* 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489.) Second, is the right to trial by jury. (*Duncan v. Louisiana,* 391 U.S. 145, 20 L.Ed. 491, 88 S.Ct. 1444.) Third is the right to confront one's accusers. (*Pointer v. Texas,* 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065.) We cannot presume a waiver of these three important federal rights from a silent record."

■■ In order for a defendant to make a valid waiver it must be "an intentional relinquishment or abandonment of the known right or privilege." (*Johnson v. Zerbst,* 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019.) To assure that the defendant knows of, and voluntarily waives, these rights and there is a record to support this, Illinois Supreme Court Rule 402 was passed pursuant to the requirements of *Boykin.* Rule 402 requires, among other things, that the trial judge personally address the defendant in open court informing him of and making sure that he understands the following:

> "3. That the defendant has a right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty; and 4. That if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted by the witnesses against him."
> Ill. Rev. Stat., ch. 110A, par. 402(a).

In the instant case the record is silent in regard to the defendant's right to confront any witness who might appear against him as well as to his right against compulsory self-incrimination which is guaranteed to him by the fifth amendment of our Federal constitution.

■■ The State contends that there was substantial compliance with Rule 402 due to the fact that defendant signed a waiver of jury and plea of guilty form, and that the trial judge had questioned the defendant about the authenticity of his signature on this form, and if he had signed it voluntarily. The recent case of *People v. Cummings* (1972), 7 Ill.App.3d 306, is dispositive of this issue and requires that the judge

must personally address the defendant in open court regarding these Federal rights in order to comply with the requirements of Rule 402.

For these reasons the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.