THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS J. SPENCER, JR., Defendant-Appellant.

(No. 73-15;

Fifth District—January 31, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant pleaded guilty in the Circuit Court of Perry County to a two-count indictment charging burglary, and he was sentenced to the penitentiary for a term of not less than one year nor more than three years. In this appeal defendant contends that the trial court failed to comply with certain portions of Supreme Court Rule 402(a) (Ill. Rev. Stat., ch. 110A, sec. 402) requiring substantial compliance with the following:

"(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge.

(2)                        *    *    *    *

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

On arraignment, defendant originally pleaded not guilty to an information charging burglary and he was furnished with a copy of the information. Subsequently, an indictment was returned setting forth the same charge, but there is nothing in the record to indicate that he was ever given a copy of the indictment or that it was ever read to him. In the court's admonitions prior to acceptance of defendant's guilty plea he referred to the crime of burglary by name, but he made no effort whatsoever to explain its elements, nor did he inquire as to whether defendant understood the charge. Also, it appears that the court did not inform defendant that he had a right to persist in his plea of not guilty, or that by pleading guilty he waived his right to a jury trial, although he was warned that "he was giving up his right to trial." After a recitation by the State's Attorney of the testimony expected to be introduced at the trial, defendant's plea was accepted.

The State contends that with the numerous appearances that the defendant had in open court, combined with the fact that he had competent legal counsel at all stages of the proceeding, it is obvious beyond argument that he understood the nature of the charge against him and

also that he was fully aware that he did not have to plead guilty and that by doing so he was waiving his right to a jury trial.

■■ This argument fails to meet the issue, as it is based entirely on mere assumption which Rule 402 was specifically designed to avoid. In fact each of the points raised by defendant has been decided by this court in his favor and against the contentions of the State. In *People v. Billops* (1974), 16 Ill.App.3d 892, we discussed at length the responsibility of the trial court to address the defendant personally in open court for the purpose of informing him of and determining that he understands the nature of the charge against him. Likewise, it has been held that failure specifically to inform defendant of his right to a trial by "jury" is a substantial deficiency (*People v. Bolden,* 7 Ill.App.3d 730), and that even the signing of a jury waiver is insufficient to comply with the requirements of the rule. (*People v. Carle,* 8 Ill.App.3d 56; *People v. Cummings,* 7 Ill.App.3d 306.) In each of these cases the deficiency was held to constitute reversible error and they are dispositive of the issues presented in the case before us.

Accordingly, the judgment of the Circuit Court of Perry County is reversed and remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J. and EBERSPACHER, J., concur.