THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAY LEE NEWBERN, Defendant-Appellant.

(No. 11936;

Fourth District—February 14, 1974.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

Robert Welch, State's Attorney, of Virginia (John A. Beyer, Circuit Attorneys Project, and Bruce Brown, Senior Law Student, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals a conviction upon his plea to a charge of reckless misconduct [1] founded upon a spanking which caused injuries to his stepson. A sentence of one year was imposed to run concurrently with a sentence imposed upon a charge also pending against defendant.

Defendant urges that the admonition concerning the right to trial by jury given by the court prior to the acceptance of the plea of guilty did not comply with the requirements of Supreme Court Rule 402(a)(4).

Defendant was originally charged with cruelty to the child. Thereafter, he appeared in court with his counsel and the State's Attorney requested

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 12—5.

leave to file an information charging reckless misconduct. There being no objection, leave was granted and the court proceeded with the arraignment upon the information. The court thereupon admonished defendant as to the offense charged and the penalty which might be imposed. Defendant thereupon pleaded guilty. The court continued to admonish concerning the penalty and to enquire as to whether or not the plea was voluntary. The court then said:

> "Knowing of all these matters and knowing of your right to be tried by a jury on this charge, and of your right to be represented by counsel, as you are here represented, and knowing of the penalty that the law can inflict upon you, do you persist in your plea of guilty to the offense of reckless conduct?"

Defendant responded affirmatively. Stipulations were entered concerning the factual basis of the plea and a written waiver of jury trial was signed.

Supreme Court Rule 402 provides:

> "(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> \* \* \*
>
> (4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

The prosecution urges here that the waiver of a jury trial had been explained to defendant at the time of a waiver of jury upon another charge then pending against defendant. We find, however, that such explanation was in the context of the waiver of jury trial preliminary to proceeding upon a bench trial. At such time of the prior waiver, there had been no occasion to admonish within the context of the Supreme Court Rule that upon a plea of guilty there would be no trial at all, and that such plea served as a waiver of defendant's right to be confronted by the witnesses against him. In so far as defendant had observed at the bench trial, witnesses had been examined and cross-examined in his behalf. We must conclude that the record does not affirmatively show that the court gave the admonitions concerning jury waiver within the total context of the Supreme Court Rule.

The judgment of reckless misconduct is reversed and the cause is remanded with directions to vacate the judgment and to permit defendant to plead anew.

Reversed and remanded.

SMITH, P. J., and CRAVEN, J., concur.