THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALLACE WILLIS, Defendant-Appellant.

Second District (1st Division)   No. 75-242

Opinion filed June 16, 1976.

James D. Montgomery and Diane M. Kinnard, both of Chicago, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Defendant pled guilty to the unlawful delivery of more than 30 grams of a substance containing cocaine, a violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401). He was sentenced to 12 1/3 years to 37 years' imprisonment and was fined $10,000. On appeal, he contends, *inter alia,* that the trial court committed reversible error in failing to indicate to him the defendant that the court was not bound in sentencing by the recommendation of the State's Attorney pursuant to the plea agreement. We therefore reverse and remand so that the defendant may plead anew. As a result, we do not reach the defendant's other contentions.

On February 13, 1975, defendant was brought to trial under two separate indictments. After the first witness testified for the State, a short recess was taken and thereafter defendant's counsel informed the Court that his client wished to withdraw his plea of not guilty, and enter a plea of guilty to one of the two charges. At that time the following colloquy occurred:

> "Mr. Weiner [Defense Counsel]: The plea agreement is that on the other case the State would *nolle pros.*
>
> Mr. Hogan [Assistant State's Attorney]: Your Honor, I just had a conversation with Mr. Dondanville [State's Attorney] and his recommendation to the Court, if the defendant were to plead guilty to this charge, would be that we'd recommend a minimum of four years but no maximum and we would ask that the companion case be *nolle prossed* upon sentencing—or after he is sentenced."

The court then asked defendant's attorney if he had discussed the plea with his client and defendant's counsel responded:

> "Mr. Willis understands the possible penalties that the Court may impose. He understands that he has the right to continue on with this trial and confront witnesses and to testify in his own behalf. And he has come to this decision freely and voluntarily. Is that correct, Mr. Willis?"

The defendant responded in the affirmative and the court proceeded to inform the defendant of the rights he waived by pleading guilty. At no time, however, did the court inform the defendant that the court was not bound by the agreement or recommendation of the State as to the sentence.

On March 28, 1975, the defendant appeared before the trial judge for sentencing and, when asked if he had anything to say, defendant replied:

" * * * I am working. I just got a good job. And if I could get probation in any way—that I am doing good and I am not selling drugs anymore.

THE COURT: Wasn't it explained that this is not a probation offense?

MR. HOGAN: I don't know * * * don't know if it was explained that it was not a probation offense."

In fact, neither the attorneys nor the judge were sure if the offense was probationable and at that time they checked the statute to determine it was not.

The State's attorney and the judge then engaged in the following discussion:

"THE COURT: Did I not explain that I did not allow any attorney to put handcuffs on the Court?

MR. HOGAN: You did, Your Honor.

THE COURT: —at any time,—

MR. HOGAN: You did, Your Honor.

THE COURT: —even on a probation hearing or a sentencing?

MR. HOGAN: That is correct, Your Honor."

It appears from a thorough reading of the record that counsel's assent to these questions was unfounded, and, in fact, before accepting the plea, the judge said absolutely nothing to defendant in regard to how he could handle the recommendation of the State. The judge sentenced the defendant to not less than 12 1/3 nor more than 37 years in the penitentiary and levied a $10,000 fine.

On appeal, the defendant contends, *inter alia,* that the trial court simply failed to comply with the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), which provides, in pertinent parts:

"(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

* * *

(d) *Plea Discussions and Agreements.* When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply:

* * *

(3) If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the

defendant persists in his plea the disposition may be different from that contemplated by the plea agreement. * * * "

There was no compliance with the requirement that, in the case of plea discussions and agreements, the court must inform the defendant in open court that it is not bound by the plea agreement.

In *People v. Wright* (1974), 21 Ill. App. 3d 301, 314 N.E.2d 733, the court reversed a somewhat similar conviction and, at pages 303-04, stated:

"Even if the only promise made by the State's Attorney was to recommend a sentence and the defendant was never told that the promise was not binding on the court, it cannot be said that the defendant's guilty plea was truly knowing and voluntary."

We therefore reverse the judgment and remand the cause so that the defendant may plead anew.

Reversed and remanded.

GUILD, P. J., and SEIDENFELD, J., concur.