THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELLIS HENDERSON, Defendant-Appellant.

Fourth District    No. 17328

Opinion filed March 3, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On March 20, 1981, in the circuit court of Champaign County, defendant, Ellis Henderson, entered a plea of guilty to the charge of driving while a license or permit is suspended or revoked. (Ill. Rev. Stat.

1979, ch. 95½, par. 6—303.) Defendant was subsequently sentenced to a period of 7 months' imprisonment. On appeal, defendant maintains his guilty plea must be vacated, because the court violated Supreme Court Rule 402 by simultaneously addressing all defendants who intended to plead guilty. Ill. Rev. Stat. 1979, ch. 110A, par. 402.

At the hearing, the trial court admonished all defendants who wished to plead guilty of the consequences of their pleas; their rights to a jury trial; the nature of a jury trial; and the right of each defendant to testify on his own behalf. The court then directed admonitions personally to each individual defendant.

The court personally informed defendant of the nature of the charge and the minimum and maximum sentence which could be imposed. He then asked defendant if he wished to plead guilty or not guilty. The court further questioned whether defendant understood what had been explained, and whether he had any questions concerning the rights he was offering to give up. From a thorough reading of the record, it appears the trial court made considerable effort to determine whether the plea was voluntary, and whether defendant understood the implications of his plea.

At the sentencing hearing on May 1, 1981, defendant's attorney made a motion to withdraw as counsel. That motion was denied. A presentence report was submitted together with defendant's driving record. The report indicated defendant had prior felony convictions, and since being released on parole in 1978, he had seven prior traffic convictions.

Defendant filed a motion to withdraw his guilty plea alleging that he did not "knowingly, intelligently or voluntarily waive his right to a jury trial, nor did [he] fully understand or comprehend the admonitions of the court pursuant to Supreme Court Rule 402 at the time of the entry of the plea." At the hearing on the motion, defendant stated he did not receive effective assistance of counsel regarding the possible sentences available to the court. That motion was denied, and the court specifically found that defendant did understand the nature of the charge and the possible penalties.

Supreme Court Rule 402 requires "substantial compliance" with its provisions (Ill. Rev. Stat. 1979, ch. 110A, par. 402). In *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559, the court noted that literal compliance was not required, and the entire record could be considered in determining whether the accused understood the nature of the charge. 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562.

Defendant argues the court violated Rule 402 by failing to address him individually concerning his basic rights. However, when the court personally addressed defendant, he was informed of the nature of the charge and the possible penalties. Defendant indicated he understood

64

these admonitions, as well as those previously given by the court. It appears the court was in "substantial compliance" with the rule, and did not abuse its discretion in denying defendant's motion to withdraw the guilty plea.

The decision of the circuit court is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.