THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RANDALL W. SUTHERLAND, Defendant-Appellant.

Fourth District   No. 4—84—0120

Opinion filed November 1, 1984.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellant.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and
Kevin T. McClain, both of State's Attorneys Appellate Service Commission,
of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant Randall Sutherland pleaded guilty to the charge of
driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1983,
ch. 95½, par. 11—501(a)) in Morgan County case No. 83—TR—2592
and was sentenced to 30 days' imprisonment and ordered to pay court
costs. His motion to withdraw his plea of guilty and vacate the judg-
ment was denied. Defendant appeals from the judgment of the circuit
court of Morgan County, urging that the trial court erred in (1) deny-
ing his motion to withdraw the plea of guilty and vacate the judgment

on a record showing that he was not adequately admonished pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402), and (2) imposing a sentence of imprisonment without finding that he posed a threat to the public or that imposition of probation would deprecate the seriousness of the offense (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)).

Defendant was charged with this offense on October 17, 1983. On the following day the court called for hearing various traffic tickets, including this charge and Morgan County cases Nos. 83—TR—2593 (no valid operator's license), 83—TR—2594 (illegal transportation of liquor) and 83—TR—2595 (improper lane usage), and a misdemeanor, Morgan County case No. 83—CM—195 (deceptive practice). The defendant stated that he understood the charges and wished to represent himself. He entered pleas of not guilty to all charges and requested jury trial.

On November 9, 1983, represented by counsel, the defendant, through counsel, withdrew his plea of not guilty on this charge pursuant to plea negotiations with the State's Attorney. Defense counsel stated that under the agreement the defendant would make restitution on the deceptive practice charge, and all charges except driving under the influence would be dismissed. The State had indicated it would not seek a jail term, and the plea agreement was otherwise open. Defense counsel requested the court to refer the cause to the probation department for presentencing investigation so he could argue for supervision. The State agreed to referral. The report of proceedings at the time the plea was taken includes this questioning of the defendant by the court:

"THE COURT: Have you, [defense counsel], explained to [defendant] that driving while under the influence of intoxicating liquor is a Class A misdemeanor and that he could, if the maximum penalty were imposed, be subjected to a fine which would not exceed a thousand dollars in amount and a sentence to the local jail or to the Department of Corrections for a period of not to exceed one year, or both?

[DEFENSE COUNSEL]: I have so advised him, Your Honor.

THE COURT: You fully aware of that, [defendant]?

THE DEFENDANT: Yes.

THE COURT: [Defense counsel], have you fully advised him with regard to his right to trial?

[DEFENSE COUNSEL]: I have and he is waiving that right, Your Honor.

THE COURT: You got any question in that respect, [defend-

ant]?

THE DEFENDANT: No.

THE COURT: You satisfied with the manner in which you've been represented by counsel?

THE DEFENDANT: Yeah.

THE COURT: All right.

Your motion for leave to withdraw the plea of not guilty heretofore entered to the charge in 83—TR—2592, *** is withdrawn.

Are you ready now that I ask you once again how you plead to the charge of driving while under the influence of intoxicating liquor?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Has there been used any force or threats against you or, other than the result of negotiations made, any promises to you by which your plea of guilty has been induced?

THE DEFENDANT: No.

THE COURT: Your plea of guilty is voluntary on your part?

THE DEFENDANT: Yeah."

A factual basis was provided by the prosecutor, with which the defense counsel and the defendant agreed. The court found a factual basis for the charge and guilty plea, and found the plea knowingly, understandingly, and voluntarily entered. The plea was accepted, defendant was found guilty as charged, and the matter was referred to the probation department for investigation.

Defendant was sentenced after hearing on December 2, 1983, to 30 days' imprisonment. Mittimus was stayed pending appeal. On December 8, 1983, defendant moved to withdraw the plea of guilty and vacate the judgment and sentence thereon. The trial judge denied the motion.

We first consider defendant's argument that the trial court erred in denying his motion to withdraw the plea of guilty and vacate the judgment because he was not adequately admonished pursuant to Supreme Court Rule 402. The State argues the defendant has waived his right to appeal this issue as his motion made no mention of the trial court's alleged failure to admonish him of the right to trial or the right to confront witnesses (87 Ill. 2d R. 402(a)(4)). (*People v. Adkisson* (1980), 83 Ill. 2d 1, 413 N.E.2d 1238.) This argument is without merit.

■ Examination of defendant's motion reflects that he alleged the trial court had failed to admonish him pursuant to Supreme Court Rule 402(a), stating further particularization of the issue required a

transcript of the proceedings at which he had pleaded guilty. The court ruled on the motion by letter opinion filed February 3, 1984, after reading the transcripts in this cause, without further hearing, and did not address whether its admonitions had been in substantial compliance with Supreme Court Rule 402(a). Further, *People v. Evans* (1967), 37 Ill. 2d 27, 31-32, 224 N.E.2d 778, 781, held that if admonishment of the consequences of a plea of guilty by the trial court was improper, the law of waiver would be inapplicable, since the defendant could not have knowingly and intelligently waived his constitutional rights. (*People v. Weakley* (1970), 45 Ill. 2d 549, 552, 259 N.E.2d 802, 804; see also *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) We deem application of the waiver doctrine inappropriate in this case.

Defendant first maintains that the trial court·did not personally inquire of him and admonish him that (1) he had the right to plead not guilty and to persist in that plea (87 Ill. 2d R. 402(a)(3)), and (2) if he pleaded guilty, there would not be a trial of any kind and that he would be waiving his right to a jury trial and the right to confront witnesses against him (87 Ill. 2d R. 402(a)(4)). Defendant's second claim is that at no time prior to accepting his guilty plea did the trial court inform him it was not bound by the terms of the agreement and could impose any sentence legally available for the offense as required under Supreme Court Rule 402(d) (87 Ill. 2d R. 402(d)). Defendant alleges that as a direct result of the court's failure to make these admonishments as required by Rule 402, his guilty plea was not knowingly, understandingly, and voluntarily entered.

Supreme Court Rule 402 states in pertinent part:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law ***;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

***

(d) Plea Discussions and Agreements. When there is a plea

discussion or plea agreement, the following provisions *** shall apply:

***

(2) If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea. *** The judge may then indicate to the parties whether he will concur in the proposed disposition; ***. If he had indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule. If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. ***

(3) If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement." (87 Ill. 2d R. 402.)

We note initially that the rule requires substantial, not literal, compliance with its provisions.

In considering defendant's claim under Rule 402(a) in reviewing admonishments under that subsection, the entire record may be considered in determining whether or not there was an understanding by the accused of admonishments. (See *People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559; 87 Ill. 2d R. 402(a)(1) (nature of the charge).) In *People v. Flathers* (1953), 414 Ill. 486, 111 N.E.2d 530, the Illinois Supreme Court held that all the requirements of Rule 27A (*City of Chicago v. Terminiello* (1948), 400 Ill. 22), predecessor to Rule 402, must be carefully complied with, but the remarks and advice of the court must be read in a practical and realistic manner. If an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule, the essentials have been complied with. Accord, *People v. Washington* (1955), 5 Ill. 2d 58, 124 N.E.2d 890; *People v. Domico* (1959), 15 Ill.

2d 590, 594-95, 155 N.E.2d 591, 594, *cert. denied* (1959), 360 U.S. 904, 3 L. Ed. 2d 1256, 79 S. Ct. 1288; *People v. Doyle* (1960), 20 Ill. 2d 163, 167, 169 N.E.2d 250, 252; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.

Seminal comment on the substantial compliance standard as to rights under Rule 402(a) was made in *People v. Mendoza* (1971), 48 Ill. 2d 371, 373-74, 270 N.E.2d 30, 32. There, the defendant maintained that since the trial court failed to admonish him at the change-of-plea hearing that he was waiving (1) the privilege against self-incrimination, and (2) the right to confront his accusers (see Rule 402(a)(4)), his waiver of these rights was not voluntary and intelligent. The court found the record admonitions showed substantial compliance with Rule 402 (43 Ill. 2d R. 402) as well as with Rule 401(b) (43 Ill. 2d R. 401(b)), in effect at the time in question. (*People v. Mendoza* (1971), 48 Ill. 2d 371, 373, 270 N.E.2d 30, 32. Compare, 43 Ill. 2d R. 402, eff. Sept. 1, 1970, to 43 Ill. 2d R. 401(b).) The court went on to say:

> "The free and voluntary character of defendant's plea, as disclosed in this record, is uncontradicted by factual allegations in the petition or by accompanying affidavit. The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences. At the time defendant entered his plea he was represented by privately retained counsel and it is not alleged that his counsel failed to adequately advise him of the consequences of a guilty plea. Evidence that at least some explanation of these consequences was made by his counsel is shown by the following excerpt from the record of the change-of-plea proceedings:
>
> > 'MR. SPURLARK: The defendant is here before the bench. I have talked with him and I have explained to him the opportunity that is his in the matter of his Constitutional right to trial by jury or a bench trial. I have also explained to him the Fourth Term Act.'
>
> In view of the absence of evidence in the record or by affidavit supporting defendant's claim that he did not understand the consequences of his plea, and the failure to explain such absence, we find the petition insufficient to require a hearing and its dismissal justified." (*People v. Mendoza* (1971), 48 Ill. 2d 371, 374, 270 N.E.2d 30, 32.)

Similarly, in *People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773, although the court rejected the State's argument that there was sub-

stantial compliance with Rule 402(b), and found instead no compliance, it declined to reverse a judgment of conviction in a guilty plea challenge for failure to admonish under Rule 402(b) (failure to state plea agreement in open court and question defendant to confirm its terms). (87 Ill. 2d R. 402(b).) In *Dudley*, there was no claim that the plea of the defendant, who was represented by counsel, was not voluntary and no other claim of harm or prejudice to the defendant.

Although numerous cases have considered the matter of substantial compliance with Rule 402, the decisions provide no clear guide as to which admonishments may be omitted without requiring reversal of the judgment. We deem review of these decisions pertinent to resolution of the issue raised by defendant. We do not, however, attempt to provide a substantive definition as to what suffices to meet the substantial compliance standard of the rule, nor a rationale by which to harmonize the decisions, as neither is evident from our examination of the cases.

The Illinois courts have found substantial compliance with Rule 402 where the records indicate that the defendant understandingly and voluntarily entered his plea, when the trial court had failed to admonish the defendant in various respects, *viz.*, (1) *his right to confront the witnesses against him* (Rule 402(a)(4)) (*People v. Caughlin* (1972), 7 Ill. App. 3d 389, 391, 287 N.E.2d 499, 500-01 (jury trial had begun and court had admonished defendant he was giving up right to jury trial, where nothing in record indicated he did not understand he was also giving up right to confront witnesses who could appear if trial continued); *People v. Williams* (1973), 16 Ill. App. 3d 199, 200-03, 305 N.E.2d 544, 546-48; and *People v. Unger* (1974), 23 Ill. App. 3d 525, 529, 318 N.E.2d 651, 655 (defendant did not state or allege failure of trial court to admonish him in detail in fact resulted in substantial injustice to him)); (2) *his right to plead not guilty* (Rule 402(a)(3)) (*People v. Abel* (1973), 10 Ill. App. 3d 210, 213, 291 N.E.2d 841, 844 (object and purpose of requirement, to ascertain that defendant be aware of alternatives available to him, met)); (3) *his right to plead not guilty or to persist in that plea* (Rule 402(a)(3)) (*People v. Lumley* (1979), 76 Ill. App. 3d 221, 223-24, 394 N.E.2d 1079, 1081 (when considered with all other admonitions, not reversible error)); (4) *his rights to persist in plea of not guilty* (Rule 402(a)(3)), *and to confront witnesses against him* (Rule 402(a)(4)) (*People v. Anderson* (1973), 10 Ill. App. 3d 558, 563-64, 294 N.E.2d 763, 767-68 (fact that defendant was not specifically admonished by court as to each and every consequence of plea does not sufficiently demonstrate he was unaware of these consequences where nothing in record or brief con-

tradicts voluntary character of plea)); (5) *that if he pleaded guilty there would not be a trial of any kind and his right to confront witnesses against him* (Rule 402(a)(4)), *and where court failed to inquire whether force or threats were used to obtain the plea* (Rule 402(b)) (*People v. Shepard* (1973), 10 Ill. App. 3d 739, 741, 295 N.E.2d 310, 312 (record in no way indicated, nor did defendant, previously convicted of felonies and no stranger to criminal justice system, even contend guilty plea was not understandingly and voluntarily made), and *People v. Krassel* (1973), 12 Ill. App. 3d 64, 66-67, 298 N.E.2d 384, 386); (6) *his right to plead not guilty or to persist in that plea* (Rule 402(a)(3)), *that if he pleaded guilty there would not be a trial of any kind and he would be waiving his rights to a jury trial and to confront witnesses against him* (Rule 402(a)(4)) *and the failure of the court to determine the plea was voluntary* (Rule 402(b)) (*People v. Paproth* (1974), 18 Ill. App. 3d 385, 387-89, 309 N.E.2d 706, 708-09 (relying on above-quoted language of *Mendoza*)); and (7) *his right to persist in his plea of not guilty* (Rule 402(a)(3)), *and failure to inquire of defendant whether any force or threats were used to obtain the plea* (Rule 402(b)) (*People v. Pritchett* (1974), 23 Ill. App. 3d 1084, 1086-87, 320 N.E.2d 44, 46 (although court failed to comply with rule in these respects, "substantial compliance" is sufficient compliance as to allow reviewing court to find from record that defendant voluntarily and understandingly entered plea of guilty; nothing in record indicated plea was other than free and voluntary nor did defendant so contend in appeal)). See also *People v. Hudson* (1972), 7 Ill. App. 3d 800, 804, 288 N.E.2d 533, 536 (in challenge under 87 Ill. 2d R. 402(c), purely technical error which does not prejudice defendant will not be deemed less than substantial compliance and cause to reverse conviction).

However, in other cases, the Illinois courts have considered the substantial compliance standard of Rule 402 not to have been met when the trial court failed to admonish the defendant in various respects, *viz.*, (1) *his rights to trial by jury and to confront the witnesses against him* (Rule 402(a)(4)) (*People v. Bolden* (1972), 7 Ill. App. 3d 730, 732, 288 N.E.2d 541, 542-43 (distinguishing *Mendoza* on issue herein of failure to admonish of right to jury trial, as words "jury trial" were omitted here, whereas in *Mendoza* they were used in the court's questioning of defendant; explanation of right of confrontation adds to assurance of defendant's understanding of his right to trial)); (2) *the nature of the charge against him* (Rule 402(a)(1)), *his right to persist in his plea of not guilty* (Rule 402(a)(3)), *or that by pleading guilty he waived his right to a jury trial* (Rule 402(a)(4)) (*People v. Spencer* (1974), 16 Ill. App. 3d 899, 307 N.E.2d 212 (al-

though defendant was warned "he was giving up his right to trial")); (3) *his rights to plead not guilty* (Rule 402(a)(3)) *and to a jury trial* (Rule 402(a)(4)), *and that by pleading guilty he waives these rights* (*People v. Avery* (1974), 16 Ill. App. 3d 986, 988-89, 307 N.E.2d 213, 215-16 (not in compliance with rule where judge failed to inquire how defendant wished to plead, assumed he had pleaded guilty and conditioned withdrawal of assumed plea on court's refusal to accept it; not substantial compliance where court made no specific explanation of right to jury trial, instead presenting written form waiving jury and pleading guilty, and merely asking defendant on its return if it contained his signature); see also *People v. Carle* (1972), 8 Ill. App. 3d 56, 288 N.E.2d 876 (insufficient that defendant signed waiver of jury and plea of guilty form and judge questioned him on authenticity and voluntariness of signature)); (4) *the nature of the charge* (Rule 402(a)(1)), *his right to confront witnesses* (Rule 402(a)(4)), *nor did the judge determine the factual basis for the plea* (Rule 402(c)) (*People v. Cummings* (1972), 7 Ill. App. 3d 306, 287 N.E.2d 291 (transcript revealed trial judge did not give admonitions by addressing defendant in open court; 13-paragraph printed "plea of guilty" form serving as express waiver of rights cannot substitute for this duty of trial court)); (5) *his right to plead not guilty* (Rule 402(a)(3)) *and that if he did plead guilty he waived the right to confront witnesses against him* (Rule 402(a)(4)), *and where court did not question defendant personally in open court to determine whether any force, threats, or promises were used to obtain the plea* (Rule 402(b)) (*People v. Thompson* (1973), 10 Ill. App. 3d 455, 294 N.E.2d 104); (6) *his right to plead not guilty* (Rule 402(a)(3)), *and that if he did plead guilty he waived his right to jury trial and to confront witnesses against him* (Rule 402(a)(4)), *and court did not question defendant to determine whether any force, threats or promises apart from plea agreement were used to obtain plea* (Rule 402(b)) (*People v. Kehoe* (1973), 10 Ill. App. 3d 955, 295 N.E.2d 292); and (7) *his rights to persist in his plea of not guilty* (Rule 402(a)(3)), *and to be confronted by witnesses against him* (Rule 402(a)(4)), *no determination was made on whether any force, threats, or promises were made to obtain the plea* (Rule 402(b)), *and there was not a sufficient factual basis for the plea* (Rule 402(c)) (*People v. Meredith* (1974), 21 Ill. App. 3d 305, 307-08, 314 N.E.2d 612, 614 (defendant's post-conviction petition alleged court had not properly admonished him on consequences of plea and he had not knowingly pleaded guilty)).

It is noted that cases focusing on challenges to guilty pleas under Rule 402(b), determining voluntariness of the plea, are likewise diver-

gent as to what suffices to meet the substantial compliance standard of the rule. Compare *People v. Hendrickson* (1973), 11 Ill. App. 3d 219, 296 N.E.2d 751 (plain error where trial court failed to question defendant personally in open court to determine whether any force, threats or promises had been made to obtain plea), *People v. Hintze* (1973), 14 Ill. App. 3d 1077, 303 N.E.2d 22 (compliance with rule required without regard to whether defendant would be prejudiced by noncompliance), *People v. Garcia* (1972), 8 Ill. App. 3d 542, 289 N.E.2d 637 (both rule and its avowed purpose, to preclude or reduce likelihood of collateral attack on judgments, are operative in areas where prejudice would be difficult to prove and fairness may not depend on absence of prejudice as a general rule), and *People v. Scott* (1973), 9 Ill. App. 3d 626, 292 N.E.2d 583 (no prejudice shown to defendant and no assertion that force, threats or promises had been made to obtain plea; remanded for limited purpose of making such inquiries of defendant in open court); to *People v. Compton* (1973), 16 Ill. App. 3d 196, 305 N.E.2d 582 (abstract of opinion) (language used in inquiry of voluntariness not determinative if record affirmatively discloses defendant entered plea understandingly and voluntarily; affirming, noting as of some significance fact that defendant did not claim plea was coerced or point to record facts which could lead to that conclusion), and to *People v. Ellis* (1974), 16 Ill. App. 3d 282, 284-87, 306 N.E.2d 53, 55-57 (defendant sufficiently admonished so plea was understandingly and voluntarily made; affirming, noting defendant did not contend plea was coerced or that threats, coercion or promises were made to obtain plea; court stated its disagreement with *Hendrickson, Hintze, Garcia* and *Scott*), *aff'd* (1974), 59 Ill. 2d 255, 320 N.E.2d 15 (concluding after review of record that except for those included in plea agreement, defendant was made no promises and plea was not result of any force or threats; without comment on other cases).

The decisions of this court in *People v. Newbern* (1974), 16 Ill. App. 3d 1037, 307 N.E.2d 439, and *People v. Porter* (1978), 61 Ill. App. 3d 941, 944-45, 378 N.E.2d 788, 790-91, are pertinent to consideration of defendant's claims under Rule 402(a).

In *Newbern*, the defendant urged that the trial court's admonition on the right to trial by jury prior to acceptance of the plea of guilty did not comply with Rule 402(a)(4). The court had admonished defendant as to the offense charged and the penalty which might be imposed. The defendant pleaded guilty and the court continued its admonishments of the penalty and inquired whether the plea was voluntary. The trial court then asked whether, "knowing of all these

matters and knowing of your right to be tried by a jury on this charge," the defendant persisted in his plea of guilty. The defendant responded affirmatively, stipulations were entered on the factual basis of the plea, and a written waiver of jury trial was signed. On appeal, the State argued that the waiver of jury trial had been explained to the defendant at the time of a waiver of jury upon another charge then pending against him. This court rejected that argument on the following reasoning:

> "We find, however, that such explanation was in the context of the waiver of jury trial preliminary to proceeding upon a bench trial. At such time of the prior waiver, *there had been no occasion to admonish within the context of the Supreme Court Rule that upon a plea of guilty there would be no trial at all, and that such plea served as a waiver of defendant's right to be confronted by the witnesses against him.* In so far as defendant had observed at the bench trial, witnesses had been examined and cross-examined in his behalf. We must conclude that *the record does not affirmatively show that the court gave the admonitions concerning jury waiver within the total context of the Supreme Court Rule.*" (Emphasis added.) (*People v. Newbern* (1974), 16 Ill. App. 3d 1037, 1038, 307 N.E.2d 439, 440.)

Judgment was therefore reversed and the cause remanded to permit defendant to plead anew.

At the change-of-plea hearing in *Porter*, the offense with which the defendant was charged, theft, was never referred to by name but only by number (Rule 402(a)(1)). The court failed to admonish defendant as to the minimum and maximum sentence or of his right to trial (Rules 402(a)(2), (a)(4)). The record showed no inquiry concerning the plea of guilty. Nor did it clearly reflect a factual basis for the plea (Rule 402(c)). The State argued that a review of the entire record on the charge, including the arraignment in conjunction with careful admonitions given by the court on other charges not involved in the appeal, showed substantial compliance with Rule 402. This court disagreed and stated:

> "To hold that admonitions given at earlier proceedings in a particular case or in other concurrent cases carry over to a subsequent hearing on a plea of guilty violates the spirit and purpose of Rule 402. The decision to enter a plea of guilty is a crucial one for a defendant and the record must clearly and affirmatively show that the plea was intelligently and understandingly made within the requirement of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. While we note that

Rule 402 requires only substantial, not literal compliance with its provisions (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559), the fact that certain admonitions may have been given to the defendant at earlier proceedings cannot be relied upon to remedy the lack of any admonitions at the plea hearing in the instant case. Accordingly, we conclude that the trial court failed to comply with the requirements of Rule 402." (*People v. Porter* (1978), 61 Ill. App. 3d 941, 945, 378 N.E.2d 788, 791.)

The order of the trial court was reversed insofar as it denied defendant's motion to vacate judgment and withdraw his plea of guilty in the theft case, and the cause was remanded so that the defendant might be permitted to plead anew; an additional order revoking defendant's probation predicated upon his former plea of guilty in the theft case was also reversed and remanded for further proceedings.

In view of these authorities, we turn to the Rule 402(a) claims presented by the defendant.

Defendant claims the trial court did not admonish him that he had the right to plead not guilty and to persist in that plea. A review of the proceedings at which the plea of guilty was taken shows that defendant was not so admonished. Hence, there was no compliance with Rule 402(a)(3).

Defendant next claims that the trial court did not admonish him that if he pleaded guilty there would not be a trial of any kind and that he would be waiving his right to jury trial and his right to confront witnesses against him. A review of the record of the guilty plea proceedings shows that the court did not so admonish the defendant personally in open court, but simply inquired of defense counsel whether he had fully advised defendant of his right to trial. Counsel said he had and that defendant was waiving the right. The response of counsel does not, however, disclose the scope of the admonition to defendant within the context of the rule. Asked by the court whether he had any question in that respect, defendant answered in the negative.

We find that this exchange does not amount to compliance with the requirements of Rule 402(a)(4). Language in *People v. Domico* (1959), 15 Ill. 2d 590, 595, 155 N.E.2d 591, 594, *cert. denied* (1959), 360 U.S. 904, 3 L. Ed. 2d 1256, 79 S. Ct. 1288; *People v. Weakley* (1970), 45 Ill. 2d 549, 553-54, 259 N.E.2d 802, 805; and *People v. Larrabee* (1972), 7 Ill. App. 3d 726, 729, 288 N.E.2d 538, 540, support this view. The fact that the terms "right to trial by jury" and "right to trial by the court sitting alone, without a jury" were used by the

trial court in addressing defendant at an earlier proceeding in this cause does not change our view. *People v. Porter* (1978), 61 Ill. App. 3d 941, 378 N.E.2d 788.

*Domico* stated that in *People v. Washington* (1955), 5 Ill. 2d 58, 124 N.E.2d 890, the court found that it could not indulge in the presumption that defendant's counsel had explained the consequences of the guilty plea, but the requirements must be reasonably spelled out.

In *Weakley*, the court held the defendant entitled to withdraw the plea of guilty, including waiver of jury, and have a trial under the charges of the indictment, as the record did not show that the court had advised him as to the maximum penalty provided by law which could be imposed on acceptance of the plea of guilty. This, although the court had asked defense counsel in the presence of the defendant whether he had explained to the defendant the question of the penalty involved, and defense counsel answered that he had.

In *Larrabee*, the court remarked that it is the duty of the trial court to admonish the defendant pursuant to Rule 402(a) concerning the effect and results of entering a guilty plea, and it should not be delegated or allowed to go by default to either the prosecutor or the defense attorney. The *Larrabee* court distinguished *Weakley*, stating that therein the trial court did not know but only presumed that defense counsel's out-of-court explanation (of penalty possibilities), which it did not audit, was accurate and adequate. By contrast, in *Larrabee*, the prosecutor questioned the defendant on the record as to Rule 402 matters, eliciting responses indicative of his understanding. The court found these record inquiries sufficient to affirm the judgment. Accord, *People v. Compton* (1973), 16 Ill. App. 3d 196, 305 N.E.2d 582 (abstract of opinion) (court's failure to personally admonish defendant on possible penalty at hearing at which guilty plea was accepted not reversible error; penalty was reaffirmed in presence of defendant and his counsel before close of hearing and his counsel acknowledged defendant had been so advised).

It is the *defendant's understanding* which the rule seeks to ensure. In *People v. Robinson* (1976), 63 Ill. 2d 141, 145, 345 N.E.2d 465, 467, the court stated:

> "It must be remembered that *the requirements* of Rule 402(a)(1) *are two-pronged*. The court by addressing the defendant in open court. (1) must inform him of the nature of the charge, and (2) must determine that he understands the nature of the charge. There has been a tendency to focus only on the admonitions required to accomplish the first of these, whereas *it is just as important that the court determine that the defend-*

*ant understands* the nature of the charge to which he is pleading guilty." (Emphasis added.)

This language is equally applicable to matters set forth in other subsections of Rule 402(a). As the court stated in *People v. Billops* (1974), 16 Ill. App. 3d 892, 894, 307 N.E.2d 206, 208:

"The purpose of these [Rule 402(a)] admonitions is to assure that the defendant fully understands what he is pleading to, what rights he is waiving by so pleading, and what the results of his action might be. It is defendant's *understanding* that is the crux of this section."

Likewise, in the supplemental opinion in *People v. Rondeau* (1972), 8 Ill. App. 3d 286, 289, 291 N.E.2d 666, 668, the court stated:

"A trial court has a duty to see that defendant's waiver of the right to trial by jury 'is not only expressly but also understandingly made,' *(People v. Fisher*, 340 Ill. 250, 265 (1930). See also, *People v. Surgeon*, 15 Ill. 2d 236, 238 (1958); *People v. Sailor*, 43 Ill. 2d 256, 260 (1969); *County of McLean v. Kickapoo Creek, Inc.*, 51 Ill. 2d 353, 355-56 (1972).)"

The inquiry here of defense counsel not only fails to inform the defendant of his rights under Rule 402(a)(4), but does nothing whatsoever to determine that the *defendant does, in fact, understand these rights.*

In addition to these deficiencies in Rule 402(a) admonishments, neither did the court follow the requirements of subsection (d) of the rule, concerning plea discussions and plea agreements reached by the prosecution and defense. At the opening of the change-of-plea hearing, the trial court remarked that defense counsel had suggested each of the charges were to be the subject of a plea pursuant to negotiations between the defense and the State's Attorney. Defense counsel stated the agreement to the court, as previously set forth, and the prosecutor agreed it was correctly stated. The court then made inquiries, as quoted above, heard the factual basis to which the defendant and his counsel agreed, and accepted the plea of guilty. At the inception of the sentencing hearing, the following exchange took place:

"[The Court]: *** Gentlemen, if the files correctly inform me, [defendant] entered here, for practical purposes as regards this morning's sentencing, an open plea to driving while under the influence of intoxicating liquor.

Am I correct?

[Prosecutor]: Yes, Judge, but there was an agreement by the People that we would not recommend a jail sentence.

[Defense Counsel]: That's correct.

THE COURT: Well, I'm sure it was explained at that time to [defendant] that recommendations or promises of any sort do not necessarily bind me, as Judge; is that correct, [defense counsel]?

[Defense Counsel]: I believe that's correct, Your Honor."

In arguing against supervision, the prosecutor noted that he was bound by his recommendation that defendant not be sentenced to jail.

In denying defendant's motion to withdraw the guilty plea and vacate the judgment sentence, the court stated by letter opinion:

"There had been negotiations between the State's Attorney and defense counsel the results of which were that four charges were dismissed and the defendant pled guilty to the fifth. The State agreed not to seek or recommend a jail term, but 'otherwise the plea would be open,' and there was a request that the matter be referred for presentence investigation. That is not, in my opinion, a 'negotiated plea' to the charge of DUI to which defendant pleaded guilty.

\*\*\*

Look at page 2 of the transcript of the sentencing hearing. [Defense counsel] acknowledge that [defendant] had been told that recommendations or promises did not bind the judge."

Contrary to the court's opinion, there was a negotiated plea. The dismissal of other charges, here four in number, reflects *per se* negotiations when agreed upon prior to the making of the plea. Black's Law Dictionary defines "negotiated plea" as:

"The effect of plea bargaining in which the criminal defendant agrees to plead guilty to the charge or to a reduced charge in return for *a recommendation* from the prosecutor *of a disposition less severe than possible under the particular statute.*"

(Emphasis added.) (Black's Law Dictionary 934 (5th ed. 1979).)

The fact that defendant and the State do not concur as to a specific sentencing recommendation, but only to exclude one or more sentencing alternatives, such as imprisonment, does not detract from the existence of an agreement.

Defendant argues he was not advised by the court at the change-of-plea hearing, as required by Rule 402(d)(3) (87 Ill. 2d R. 402(d)(3)), that it was not bound by the terms of the plea agreement—to exclude imprisonment as a possible sentence—but could impose any sentence legally available for the offense. On review of the record, we find that the court did not state its concurrence or conditional concurrence in the terms of the agreement, so as to require the procedure of Rule 402(d)(2) (87 Ill. 2d R. 402(d)(2)). Yet there was no compliance with

the requirement that, in the case of plea discussions and agreements, the court must inform the defendant in open court that it is not bound by the agreement and could impose any sentence legally available for the offense. From a thorough reading of the record it is clear that defense counsel's assent in questioning by the court at the sentencing hearing, that he believed defendant had been so admonished, was unfounded. In fact, before accepting the plea the judge said absolutely nothing to defendant in regard to how he could handle the sentencing recommendation of the State pursuant to the plea agreement.

These were precisely the circumstances in *People v. Willis* (1976), 39 Ill. App. 3d 288, 349 N.E.2d 435, where the court reversed the judgment and remanded the cause so that the defendant could plead anew.

As the court stated in *People v. Lambrechts* (1977), 69 Ill. 2d 544, 556-57, 372 N.E.2d 641, 648, the purpose of this admonition is to eliminate the possibility that the defendant might infer from the judge's awareness of the agreement that the judge has concurred therein.

In *People v. Collins* (1981), 100 Ill. App. 3d 611, 613-14, 426 N.E.2d 1274, 1276, this court stated:

"Rule 402(d)(3) governs the situation where, as here, the court has either declined to commit himself to follow the agreement or has not been consulted. Under these circumstances, when the plea agreement is presented, the court is required to inform the defendant that the court is not bound by the agreement and that 'if the defendant *persists* in his plea the disposition may be different from that contemplated by the plea agreement.' (Emphasis added.) (73 Ill. 2d R. 402(d)(3).) The rule clearly requires the court to make both explanations and to expressly give the defendant an opportunity to *persist in* or *withdraw* the plea.

\* \* \*

We deem the crucial due process aspect of the procedure under Rule 402(d) to be the requirement that the court must tender to a defendant the opportunity (1) to *affirm* or withdraw a guilty plea entered upon a court's subsequently *withdrawn* concurrence or conditional concurrence in a plea agreement, or (2) to *persist* in or *withdraw* a guilty plea entered on a plea agreement after a court that has not concurred in the agreement has explained its right to disregard the agreement and the consequences of its doing so. We note that the rule requires these opportunities to be offered to the defendant before the court has

indicated what its sentence will be. Thus, when the sentence is imposed, a dissatisfied defendant is in no position to complain.

We consider the necessity of properly following the procedure to be so important that the failure to follow it here was plain error.''

In *Collins*, the defendant was informed that the court was not bound by the plea agreement as to sentencing, but was not thereafter tendered the opportunity to persist in or withdraw the guilty plea entered on the plea agreement. In that respect, *Collins* was, of course, distinguishable from *Lambrechts*, wherein the trial court had both properly informed the defendant that it was not bound by the plea agreement as to sentencing, and given him the opportunity to persist in or withdraw the plea of guilty.

Neither does the record show that the court confirmed the terms of the plea agreement by questioning the defendant personally in open court as required under Rule 402(b).

■ After careful consideration of the Illinois decisions concerning Rule 402, we conclude that the deficiencies in admonitions in this case must be deemed less than substantial compliance with the rule. Although *Hendrickson, Hintze, Garcia* and *Scott* suggest it is unnecessary that a defendant allege or show prejudice or involuntariness in entering his guilty plea based upon deficiencies in the court's Rule 402 admonitions in order to prevail, this case is distinct from such cases as *Mendoza, Dudley, Unger, Shepard,* and *Pritchett,* which referred to the absence of such an allegation or showing in finding substantial compliance with Rule 402 despite alleged deficiencies in admonishments thereunder. Such an allegation was made by the defendant in this case.

While we recognize the volume of cases with which our trial courts must deal, the admonishments and procedures provided in Rule 402 may not be regarded as superfluous. A fundamental function of the rule is *to preserve a record* which reflects an intelligent and voluntary plea as required by due process of law. (*People v. Wise* (1975), 26 Ill. App. 3d 158, 161, 331 N.E.2d 302, 305.) Compliance with its terms serves to preclude or reduce the likelihood of collateral attack upon the judgment for reasons which could have been obviated by adequate admonition and inquiry at the time the plea was accepted and sentence imposed. (*People v. Garcia* (1972), 8 Ill. App. 3d 542, 289 N.E.2d 637.) The fact that only substantial compliance is required by Rule 402 is no occasion to disregard its terms.

We have prepared this compendium of authority to call the attention of the trial courts once again to the fact that Rule 402 admits of

no exceptions based upon the nature of the charge. It applies with equal force to all pleas of guilty, whether to felonies or misdemeanors. We are aware that this condition imposes a considerable burden on high-volume courts where the daily call may run upwards of a hundred cases or more in this district, and even more in larger communities elsewhere. Nonetheless, the rigor of the Rule must be satisfied.

We have confidence, however, based upon our prior observation of cases coming before this court, that the trial judges will be able, with a modicum of inventiveness and imagination, to overcome the time restraints which are the necessary result of substantial compliance with the Rule. Through the use of checklists on the bench, admonitions *en masse* where necessitated in high-volume courts (compare *People v. Henderson* (1982), 104 Ill. App. 3d 62, 432 N.E.2d 660; *People v. Penermon* (1982), 108 Ill. App. 3d 73, 438 N.E.2d 946), and other similar procedures, pleas of guilty to lesser offenses may be expeditiously handled. What is most needed is a standard procedure for admonition at the trial level; this will yield in turn a more accurate and perceptive standard on review.

In view of our resolution of this issue, we need not address the sentencing issue raised by the defendant. We are constrained to comment, however, that a defendant's past use of hospital, mental health or alcohol detoxification facilities may not be equated with a record of conviction for the purpose of determining disposition.

The order denying defendant's motion to withdraw his plea of guilty and vacate the judgment of guilt and sentence is reversed and the cause remanded with directions to vacate the judgment and to permit the defendant to plead anew.

Reversed and remanded with directions.

GREEN and WEBBER, JJ., concur.